GAURAV BOBBY KALRA, Bar No. 219483
bkalra@grsm.com
LINDSAY M. VICK (*Admitted Pro Hac Vice)*
lvick@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402

Attorneys for Defendant
RHOMBUS POWER, INC.



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Douglas R. Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Rhombus Power, Inc., a Delaware Corporation; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 26-cv-07387-EKL<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed: July 17, 2026 |

COMES NOW, Defendant RHOMBUS POWER, INC. (“Rhombus Power” or “Defendant”), and answers the Complaint of Plaintiff DOUGLAS R. WOODALL (“Plaintiff”) as follows:

## INTRODUCTION

1. Rhombus Power denies the allegations in Paragraph 1.

2. Rhombus Power admits that an employer-employee relationship existed with Plaintiff. Rhombus Power denies the remaining allegations in Paragraph 2.

3. Rhombus Power denies the allegations in Paragraph 3.

4. Rhombus Power denies the allegations in Paragraph 4.

5. Rhombus Power admits that Plaintiff was employed by Rhombus Power. Rhombus Power denies the remaining allegations in Paragraph 5.

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

6. Rhombus Power denies the allegations in Paragraph 6.

7. To the extent Plaintiff has properly alleged his claims, Rhombus Power admits the Court may exercise its jurisdiction, subject to and without waiver of Rhombus Power's right to compel arbitration of Plaintiff's claims under the parties' binding arbitration agreement, which right Rhombus Power expressly reserves. Rhombus Power denies the remaining allegations in Paragraph 7.

8. To the extent Plaintiff has properly alleged his claims, Rhombus Power admits the Court may exercise its jurisdiction. Rhombus Power denies the remaining allegations in Paragraph 8.

9. Rhombus Power admits that its principal place of business is located at Stanford Research Park, 3200 Hillview Avenue, Palo Alto, California 94304. Rhombus Power denies the remaining allegations.

## PARTIES

10. Rhombus Power admits that Plaintiff was employed by Rhombus Power from approximately July 2023 until November 2025 and that Plaintiff's final position was Vice President of Warfighting. Rhombus Power lacks sufficient information and belief to admit or deny the remaining allegations and therefore denies them.

11. Rhombus Power admits that it is a Delaware corporation. Rhombus Power admits that its principal place of business is located in Palo Alto, California.

12. Rhombus Power admits that it develops software and technology products for the national security and defense sectors. Rhombus Power denies the remaining allegations in Paragraph 12.

13. Rhombus Power admits that Guardian is one of its products. Rhombus Power denies the remaining allegations in Paragraph 13.

14. Rhombus Power admits that it offers software products relating to defense planning and budgeting. Rhombus Power denies the remaining allegations in Paragraph 14.

15. Rhombus Power admits that it offers Artemis AI. Rhombus Power denies the remaining allegations in Paragraph 15.

16. Rhombus Power admits that it offers Ambient Edge AI. Rhombus Power denies the remaining allegations in Paragraph 16.

17. Rhombus Power admits that it offers additional software products, including products identified as Nautilus AI, GeoPOP, Haven AI, and Trace. Rhombus Power denies the remaining allegations in Paragraph 17.

18. Rhombus Power neither admits nor denies the allegations in Paragraph 18.

19. Rhombus Power admits that it is an employer. Rhombus Power denies the remaining allegations in Paragraph 19.

20. Rhombus Power lacks sufficient information and belief to admit or deny the allegations concerning the identity or capacity of the Doe Defendants and therefore denies the same.

21. Rhombus Power denies the allegations in Paragraph 21.

**FACTUAL ALLEGATIONS**

22. Rhombus Power denies the allegations in Paragraph 22.

23. Rhombus Power denies the allegations in Paragraph 23.

24. Rhombus Power denies the allegations in Paragraph 24.

25. Rhombus Power denies the allegations in Paragraph 25.

26. Rhombus Power denies the allegations in Paragraph 26.

27. Rhombus Power denies the allegations in Paragraph 27.

28. Rhombus Power denies the allegations in Paragraph 28.

29. Rhombus Power lacks sufficient information and belief to admit or deny the allegations concerning Plaintiff's educational background, military service, and assignments and therefore denies the allegations in Paragraph 29.

30. Rhombus Power lacks sufficient information and belief to admit or deny the allegations concerning Plaintiff's military service and therefore denies the allegations in Paragraph 30.

31. Rhombus Power lacks sufficient information and belief to admit or deny the allegations concerning Plaintiff's military service and therefore denies the allegations in Paragraph 31.

32. Rhombus Power admits that Plaintiff was hired based in part upon his military and professional experience. Rhombus Power denies the remaining allegations in Paragraph 32.

33. Rhombus Power lacks sufficient information and belief to admit or deny the allegations concerning Plaintiff's subjective understanding of his obligations and therefore denies the

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

allegations in Paragraph 33.

34. Rhombus Power admits that Plaintiff accepted employment with Rhombus Power in or about July 2023 and was initially hired as a Client Success Manager. Rhombus Power denies the remaining allegations in Paragraph 34.

35. Rhombus Power admits that Plaintiff's employment agreement contains a California choice-of-law provision. Rhombus Power denies the remaining allegations in Paragraph 35.

36. Rhombus Power admits that Plaintiff was employed by Rhombus Power. Rhombus Power denies the remaining allegations in Paragraph 36.

37. Rhombus Power admits that Plaintiff was promoted to Director of Warfighting in or about December 2023. Rhombus Power denies the remaining allegations in Paragraph 37.

38. Rhombus Power admits that Plaintiff was promoted to Vice President of Warfighting. Rhombus Power denies the remaining allegations in Paragraph 38.

39. Rhombus Power admits that Plaintiff received a performance review in 2024 and that his compensation was adjusted. Rhombus Power denies the remaining allegations in Paragraph 39.

40. Rhombus Power denies the allegations in Paragraph 40.

41. Rhombus Power denies the allegations in Paragraph 41.

42. Rhombus Power denies the allegations in Paragraph 42.

43. Rhombus Power admits that Mark Hughes served as Facility Security Officer. Rhombus Power denies the remaining allegations in Paragraph 43.

44. Rhombus Power denies the allegations in Paragraph 44.

45. Rhombus Power denies the allegations in Paragraph 45.

46. Rhombus Power admits that it performed work for Headquarters Air Force under certain contracts. Rhombus Power denies the remaining allegations in Paragraph 46.

47. Rhombus Power denies the allegations in Paragraph 47.

48. Rhombus Power admits that it performed work for USSOCOM. Rhombus Power denies the remaining allegations in Paragraph 48.

49. Rhombus Power denies the allegations in Paragraph 49.

50. Rhombus Power denies the allegations in Paragraph 50.

51. Rhombus Power denies the allegations in Paragraph 51.

52. Rhombus Power admits that it performed work for USSOCOM under certain contracts. Rhombus Power denies the remaining allegations in Paragraph 52.

53. Rhombus Power denies the allegations in Paragraph 53.

54. Rhombus Power denies the allegations in Paragraph 54.

55. Rhombus Power denies the allegations in Paragraph 55.

56. Rhombus Power denies the allegations in Paragraph 56.

57. Rhombus Power admits that Plaintiff sent a written communication to certain Rhombus Power personnel in October 2025. Rhombus Power denies the remaining allegations in Paragraph 57.

58. Rhombus Power admits that Plaintiff's written communication referenced perceived concerns and potential reporting to government entities. Rhombus Power denies the remaining allegations in Paragraph 58.

59. Rhombus Power admits that Plaintiff communicated concerns regarding SCI access and Joint Fires Network work in or about October 2025. Rhombus Power denies the remaining allegations in Paragraph 59.

60. Rhombus Power admits that Plaintiff communicated concerns regarding certain employees' access to SCI information in or about October 2025. Rhombus Power denies the remaining allegations in Paragraph 60.

61. Rhombus Power admits that outside counsel was retained in or about October 2025. Rhombus Power denies the remaining allegations in Paragraph 61.

62. Rhombus Power denies the allegations in Paragraph 62.

63. Rhombus Power admits that a report was submitted to DCSA in October 2025. Rhombus Power denies the remaining allegations in Paragraph 63.

64. Rhombus Power denies the allegations in Paragraph 64.

65. Rhombus Power admits that Plaintiff was placed on paid administrative leave in November 2025. Rhombus Power denies the remaining allegations in Paragraph 65.

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

66. Rhombus Power lacks sufficient information and belief to admit or deny the allegations in Paragraph 66 and therefore denies the same.

67. Rhombus Power lacks sufficient information and belief to admit or deny the allegations in Paragraph 67 and therefore denies the same .

68. Rhombus Power admits that Plaintiff's employment was terminated on or about November 18, 2025. Rhombus Power denies the remaining allegations in Paragraph 68.

69. Rhombus Power denies the allegations in Paragraph 69.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

70. Rhombus Power lacks sufficient information and belief to admit or deny the allegations in Paragraph 70 and therefore denies the same.

71. Rhombus Power lacks sufficient information and belief to admit or deny the allegations in Paragraph 71 and therefore denies the same.

72. Rhombus Power admits that Plaintiff obtained a right-to-sue notice. Rhombus Power denies the remaining allegations in Paragraph 72.

## FIRST CAUSE OF ACTION

73. Rhombus Power incorporates by reference its responses to the preceding paragraphs. To the extent a response is required, Rhombus Power denies the allegations in Paragraph 73.

74. Paragraph 74 purports to state legal conclusions and statutory provisions to which no response is required. To the extent a response is required, Rhombus Power denies the allegations in Paragraph 74.

75. Rhombus Power denies the allegations in Paragraph 75.

76. Rhombus Power denies the allegations in Paragraph 76.

77. Rhombus Power admits that Plaintiff was placed on administrative leave and that his employment was terminated. Rhombus Power denies the remaining allegations in Paragraph 77.

78. Rhombus Power denies the allegations in Paragraph 78.

79. Rhombus Power denies the allegations in Paragraph 79.

## SECOND CAUSE OF ACTION

80. Rhombus Power incorporates by reference its responses to the preceding paragraphs. To

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

the extent a response is required, Rhombus Power denies the allegations in Paragraph 80.

81. Paragraph 81 purports to state legal conclusions and statutory provisions to which no response is required. To the extent a response is required, Rhombus Power denies the allegations in Paragraph 81.

82. Rhombus Power lacks sufficient information and belief to admit or deny the allegations concerning the conduct of third parties and therefore denies the same.

83. Rhombus Power denies the allegations in Paragraph 83.

84. Rhombus Power denies the allegations in Paragraph 84.

85. Rhombus Power denies the allegations in Paragraph 85.

86. Rhombus Power admits that Plaintiff submitted a written report to certain Rhombus Power personnel in October 2025. Rhombus Power denies the remaining allegations in Paragraph 86.

87. Rhombus Power denies the allegations in Paragraph 87.

88. Rhombus Power admits that Plaintiff was placed on administrative leave and that his employment was terminated. Rhombus Power denies the remaining allegations in Paragraph 88.

89. Rhombus Power denies the allegations in Paragraph 89.

**THIRD CAUSE OF ACTION**

90. Rhombus Power denies the allegations in Paragraph 90.

91. Rhombus Power incorporates by reference its responses to the preceding paragraphs. To the extent a response is required, Rhombus Power denies the allegations in Paragraph 91.

92. Paragraph 92 purports to state legal conclusions and statutory provisions to which no response is required. To the extent a response is required, Rhombus Power denies the allegations in Paragraph 92.

93. Rhombus Power denies the allegations in Paragraph 93.

94. Rhombus Power denies the allegations in Paragraph 94.

95. Rhombus Power admits that Plaintiff was placed on administrative leave and that his employment was terminated. Rhombus Power denies the remaining allegations in Paragraph 95.

96. Rhombus Power denies the allegations in Paragraph 96.

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**FOURTH CAUSE OF ACTION**

97. Rhombus Power incorporates by reference its responses to the preceding paragraphs. To the extent a response is required, Rhombus Power denies the allegations in Paragraph 97.

98. Paragraph 98 purports to state legal conclusions and statutory provisions to which no response is required. To the extent a response is required, Rhombus Power denies the allegations in Paragraph 98.

99. Rhombus Power denies the allegations in Paragraph 99.

100. Rhombus Power denies the allegations in Paragraph 100.

101. Rhombus Power denies the allegations in Paragraph 101.

102. Rhombus Power denies the allegations in Paragraph 102.

**FIFTH CAUSE OF ACTION**

103. Rhombus Power incorporates by reference its responses to the preceding paragraphs. To the extent a response is required, Rhombus Power denies the allegations in Paragraph 103.

104. Paragraph 104 purports to state legal conclusions and legal authority to which no response is required. To the extent a response is required, Rhombus Power denies the allegations in Paragraph 104.

105. Rhombus Power denies the allegations in Paragraph 105.

106. Rhombus Power admits that Plaintiff's employment was terminated. Rhombus Power denies the remaining allegations in Paragraph 106.

107. Rhombus Power denies the allegations in Paragraph 107.

108. Rhombus Power denies the allegations in Paragraph 108.

**DEMAND FOR JURY TRIAL**

Rhombus Power denies that Plaintiff is entitled to a jury trial and does not join in Plaintiff’s jury demand.

**AFFIRMATIVE DEFENSES**

In further answer to the Complaint, Defendant raises each of the following affirmative defenses to each and every cause of action without assuming the burden of proof where the burden is not by law upon Defendant. Specifically, and generally, as separate and distinct

affirmative defenses to the Complaint, Defendant alleges as follows:

**FIRST DEFENSE**

(Failure to State a Claim)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

**SECOND DEFENSE**

(Statute of Limitations)

To the extent the Complaint, or any purported cause of action asserted therein, is based upon acts, omissions, or events occurring outside the applicable limitations period, such claims are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, California Government Code sections 12960 and 12965, California Labor Code section 1102.5, and any other applicable statute of limitations.

**THIRD DEFENSE**

(Laches)

Defendant alleges that the Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of laches.

**FOURTH DEFENSE**

(Failure to Exhaust Administrative Remedies)

The Court has no jurisdiction over the subject matter of Plaintiff's Complaint, or parts thereof, to the extent that Plaintiff failed to exhaust his administrative remedies.

**FIFTH DEFENSE**

(Claims Outside Scope of Administrative Charge)

Plaintiff's claims under the California Fair Employment and Housing Act ("FEHA") are barred to the extent the allegations therein do not reasonably fall within the scope of any claim asserted in an administrative complaint filed by Plaintiff, if any.

**SIXTH AFFIRMATIVE DEFENSE**

(At-Will Employment)

Plaintiff's claims against Defendant are barred, in whole or in part, because to the extent

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

Plaintiff was an employee of Defendant, the fact of which Defendant denies, his employment with Defendant was at-will.

**SEVENTH DEFENSE**

(Failure to Notify)

The Complaint, and each and every cause of action alleged therein against Defendant, is barred, in whole or in part, because Plaintiff failed to notify Defendant of any alleged discrimination, retaliation, and/or other alleged unlawful conduct.

**EIGHTH DEFENSE**

(Causation)

Defendant alleges that Plaintiff's damages, if any, are the proximate result of independent, intervening, or superseding causes, including, without limitation, the conduct of Plaintiff or others, for which or for whom Defendant was not and is not responsible. Therefore, Plaintiff's damages, if any, are unrelated to Defendant's conduct and the Court must reduce or deny any judgment rendered against Defendant accordingly.

**NINTH DEFENSE**

(Ratification by Plaintiff)

Plaintiff, by his acts, conduct, and omissions, ratified the alleged conduct of which he now complains; therefore, Plaintiff is barred from any recovery under the Complaint.

**TENTH DEFENSE**

(Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)

Defendant alleges, without admitting that it engaged in any of the acts or conduct or made any of the statements attributed to it in the Complaint, that any acts, conduct, or statements by Defendant or anyone acting on its behalf were justified, in good faith, and for legitimate, non-discriminatory, non-harassing, non-retaliatory reasons that were wholly unrelated to Plaintiff's alleged protected characteristics or activities, or purported complaints of discrimination, harassment, or other unlawful conduct.

/ / /

/ / /

**ELEVENTH DEFENSE**

(No Severe and Pervasive Conduct)

The purportedly harassing conduct alleged in the Complaint is not sufficiently severe or pervasive to create an objectively hostile, intimidating, offensive, oppressive, or abusive work environment, to the extent such conduct occurred at all.

**TWELFTH DEFENSE**

(No Protected Conduct)

The Complaint, and each and every cause of action alleged therein against Defendant, is barred, in whole or in part, because Plaintiff did not engage in any protected conduct as recognized by applicable law; alternatively, Defendant was never made aware of any protected conduct engaged in by Plaintiff, if any.

**THIRTEENTH DEFENSE**

(Good Faith)

The Complaint, and each and every cause of action alleged therein against Defendant, is barred, in whole or in part, because Plaintiff was treated fairly and in good faith by Defendant, and all actions taken with regard to Plaintiff were taken for lawful business reasons and in good faith.

**FOURTEENTH DEFENSE**

(Justification/Privilege)

The Complaint, and each and every cause of action alleged therein against Defendant, is barred, in whole or in part, because Defendant was justified and/or privileged in doing each of the things it is alleged to have done, to the extent such things were done at all.

**FIFTEENTH DEFENSE**

(Lack of Knowledge)

The Complaint, and each and every cause of action alleged therein against Defendant, is barred, in whole or in part, because at all times relevant to the Complaint, any unlawful or wrongful acts, if any, taken by Defendant's agents or employees were outside the course and scope of their duties and authority and such acts, if any, were not authorized, ratified, or

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

condoned by Defendant, and Defendant neither knew nor should have known of such acts.

**SIXTEENTH DEFENSE**

(Conduct of Others)

The Complaint, and each and every cause of action alleged therein against Defendant, is barred, in whole or in part, because, although Defendant denies that Plaintiff has been harmed in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that the proximate cause of such damage was the conduct of others for which Defendant was not and is not responsible.

**SEVENTEENTH DEFENSE**

(Prompt and Appropriate Corrective Action)

Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation, and took prompt and appropriate corrective action in response to all complaints or stated concerns regarding the workplace made by Plaintiff, if any.

**EIGHTEENTH DEFENSE**

(Same Decision)

Defendant alleges, without admitting that it engaged in any of the acts or conduct or made any of the statements attributed to it in the Complaint, that if it is found that Defendant's actions were motivated by both discriminatory or retaliatory and non-discriminatory or non-retaliatory reasons, the legitimate non-discriminatory and non-retaliatory reasons alone would have induced Defendant to make the same decisions regarding Plaintiff's employment, to the extent that any such decisions were made by Defendant.

**NINTEENTH DEFENSE**

(Avoidable Consequences)

Defendant alleges that Plaintiff's prayers for general, special, compensatory, and/or punitive damages are barred by the doctrine of avoidable consequences, as set forth in State Department of Health Services v. Superior Court (McGinnis), 31 Cal. 4th 1026, 1044 (2003). Plaintiff unreasonably failed to make use of his employer's anti-retaliation, anti-harassment, and

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

anti-discrimination procedures by failing to timely and properly report any alleged retaliation, harassment, discrimination, or other unlawful behavior and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

**TWENTIETH DEFENSE**

(Business Necessity)

Plaintiff's claims against Defendant are barred, in whole or in part, because any conduct in which Defendant allegedly engaged was justified by business necessity, to the extent such conduct occurred at all.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Managerial Privilege)

Defendant alleges that any conduct while acting in the course and scope of employment was protected by managerial privilege and that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, for proper and lawful reasons and/or justified by legitimate and substantial business reasons.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Mixed Motive Defense)

Defendant alleges that if Plaintiff is able to establish that his protected status and/or alleged complaint was a contributing factor in any adverse action, Defendant is not liable because Defendant can establish by clear and convincing evidence that it would have taken the same action against Plaintiff at that time for legitimate, independent reasons.

**TWENTY-THIRD DEFENSE**

(Unjust Enrichment)

Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

**TWENTY-FOURTH DEFENSE**

(Estoppel)

The Complaint, and each and every cause of action alleged therein against Defendant, is

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

barred, in whole or in part, by the doctrine of estoppel.

**TWENTY-FIFTH DEFENSE**

(Waiver)

The Complaint, and each and every cause of action alleged therein against Defendant, is barred, in whole or in part, by the doctrine of waiver.

**TWENTY-SIXTH DEFENSE**

(Unclean Hands)

The Complaint, and each and every cause of action alleged therein against Defendant, is barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-SEVENTH DEFENSE**

(After-Acquired Evidence)

Recovery on each and every cause of action alleged against Defendant in the Complaint is barred by the doctrine of after-acquired evidence.

**TWENTY-EIGHTH DEFENSE**

(Pre-Existing Condition)

To the extent that Plaintiff suffered any mental, emotional, or physical distress, it was the result of a preexisting psychological or physical condition or conditions and not the result of any act or omission by Defendant.

**TWENTY-NINTH DEFENSE**

(No Punitive Damages)

Plaintiff is not entitled to recover punitive or exemplary damages because the Complaint fails to state sufficient allegations of malice, oppression, or fraud, and has failed to raise sufficient allegations to comply with the requirements of California Civil Code section 3294.

**THIRTIETH DEFENSE**

(Punitive Damages Unconstitutional)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to Defendant pursuant to the First, Fifth, Eighth, and Fourteenth Amendments to

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

the Constitution of the United States and Article I of the Constitution of the State of California.

**THIRTY-FIRST DEFENSE**

(No Managing Agent)

Recovery on each and every cause of action alleged in the Complaint is barred, and Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that none of Defendant's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them; nor did Defendant's officers, directors, or managing agents have advance knowledge of the unfitness, if any, of the individuals who allegedly committed the acts alleged in the Complaint, to the extent such actions occurred at all; nor did Defendant employ said individuals with a conscious disregard of the rights or safety of others.

**THIRTY- SECOND DEFENSE**

(No Notice)

Defendant alleges it did not have notice or knowledge of any purported discrimination, retaliation, or other misconduct alleged in the Complaint.

**THIRTY-THIRD DEFENSE**

(Plaintiff's Failure to Use Available Preventative and Corrective Measures)

Defendant alleges the Complaint, and each and every alleged cause of action therein, is barred because of Plaintiff's unreasonable failure to avail himself of available measures to prevent and correct discrimination, harassment and/or retaliation, the use of which would have prevented the harm Plaintiff alleges he suffered.

**THIRTY-FOURTH DEFENSE**

(No Authorization or Ratification of Wrongful Acts)

Defendant alleges the Complaint, and each and every alleged cause of action therein, is barred because any unlawful or other wrongful acts of any person employed by Defendant were outside of the scope of his or her authority and such acts, if any, were not authorized, ratified, or condoned, nor did Defendant know or have reason to be aware of such alleged conduct.

/ / /

/ / /

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**THIRTY-FIFTH DEFENSE**

(Consent)

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to some or all of the conduct at issue.

**THIRTY-SIXTH DEFENSE**

(No Adverse Employment Action)

Plaintiff is not entitled to relief because he did not suffer any adverse employment action.

**THIRTY-SEVENTH DEFENSE**

(Failure to Mitigate)

Plaintiff's recovery, if any, must be reduced to the extent he failed to exercise reasonable diligence to mitigate his alleged damages.

**THIRTY-EIGHTH DEFENSE**

(Offset)

If Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant denies, Defendant is entitled to an offset to the extent that Plaintiff received income, benefits, or money from other sources.

**THIRTY-NINTH DEFENSE**

(Workers' Compensation Exclusivity Provision)

Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, because the exclusive remedy for his alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act. (See California Labor Code section 3600, et seq.)

**FORTIETH DEFENSE**

(No Attorneys' Fees)

The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

**FORTY-FIRST DEFENSE**

(Speculative Damages)

Plaintiff's claims for damages are precluded to the extent that such damages are

speculative.

**FORTY-SECOND DEFENSE**

(LMRA/LRA Preemption)

Plaintiff's claims are preempted, in whole or in part, by the National Labor Management Relations Act and/or National Labor Relations Act.

**FORTY-THIRD DEFENSE**

(Accord/Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**FORTY-FOURTH DEFENSE**

(Release)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has previously released the claims alleged in the Complaint.

**FORTY-FIFTH DEFENSE**

(Res Judicata)

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

**FORTY-SIXTH DEFENSE**

(Safe Harbor)

Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, because Defendant complied with all applicable laws, statutes, and regulations, said compliance affording Defendant a safe harbor to any claim under California Business and Professions Code section 17200, et seq.

**FORTY-SEVENTH DEFENSE**

(Adequate Remedy at Law/No Right to Equitable Relief)

Plaintiff's claims pursuant to California Business and Professions Code section 17200, et seq., and the sought-after equitable remedies, are barred because Plaintiff has an adequate remedy at law.

/ / /

/ / /

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**FORTY-EIGHTH DEFENSE**

(Practices Not Unfair)

Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, because Defendant's business practices were not unfair within the meaning of Business and Professions Code section 17200, et seq.

**FORTY-NINTH DEFENSE**

(Not a Substantial Factor in Causing Plaintiff Harm)

Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, because to the extent Plaintiff was harmed, Defendant's actions, if any, were not a substantial factor in causing Plaintiff harm.

**FIFTIETH DEFENSE**

(No Vicarious Liability)

Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, because to the extent Plaintiff was harmed, Defendant was not vicariously liable for any alleged conduct resulting in such harm.

**FIFTY-FIRST DEFENSE**

(Agreement to Arbitrate / Arbitration Requirement)

As a separate and affirmative defense, Defendant alleges that Plaintiff entered into a valid and enforceable agreement requiring that some or all of the claims asserted in the Complaint be submitted to final and binding arbitration. Accordingly, Plaintiff's claims are barred from proceeding in this action to the extent they are subject to the arbitration agreement, and Defendant is entitled to an order compelling arbitration and staying or dismissing this action as appropriate.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert such additional defenses as may become known through discovery and reserves the right to amend this Answer accordingly.

/ / /

/ / /

/ / /

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. That the Complaint be dismissed in its entirety, with prejudice;
3. That judgment be entered in favor of Defendant;
4. That Defendant recover its costs of suit and attorneys' fees; and,
5. That Defendant receive such other relief as the Court deems just and proper.

Dated: September 14, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: Gaurav Kalra

Gaurav Bobby Kalra
Lindsay M. Vick
Attorneys for Defendant
RHOMBUS POWER, INC.

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825