GAURAV BOBBY KALRA, Bar No. 219483
bkalra@grsm.com
LINDSAY M. VICK (*Admitted Pro Hac Vice)*
lvick@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California 95825
Telephone: (279) 274-4582
Facsimile: (916) 920-4402

Attorneys for Defendant
RHOMBUS POWER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Douglas R. Woodall, an individual,<br>Plaintiff,<br>v.<br>Rhombus Power, Inc., a Delaware Corporation; and Does 1-10, inclusive,<br>Defendants. | Case No. 26-cv-07387-EKL<br>**DEFENDANT RHOMBUS POWER, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br>Date: January 27, 2027<br>Time: 10:00 a.m.<br>Judge: Eumi K. Lee<br>Courtroom 7 - 4th Floor<br>280 S. 1st First St., San Jose, CA 95113<br>Complaint Filed: July 16, 2026 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 27, 2027, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Eumi K. Lee, United States District Court for the Northern District of California, San Jose Division, Defendant Rhombus Power, Inc. ("Rhombus Power") will and hereby does move the Court, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, and the parties' written arbitration agreement, for an order (1) compelling Plaintiff



GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

Douglas R. Woodall to submit all claims asserted in his Complaint to binding arbitration in Santa Clara County, California, and (2) staying this action pending completion of that arbitration.

This Motion is made on the ground that Plaintiff entered into a valid, written, and mutual agreement to arbitrate any dispute arising out of his employment with Rhombus Power, that each of Plaintiff's five causes of action falls squarely within the scope of that agreement, and that no statutory exception—including the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2022 (the "EFAA"), 9 U.S.C. §§ 401-402—removes this dispute from the parties' agreement to arbitrate.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Lindsay M. Vick, and the exhibits thereto (including Plaintiff's signed July 25, 2023 offer letter), the pleadings and records on file in this action, and such further argument and evidence as may be presented at or before the hearing.

Certification of Compliance with Standing Order § VIII.A. Pursuant to Section VIII.A of this Court's Standing Order for Civil Cases, the undersigned counsel certifies that counsel for Rhombus Power met and conferred with counsel for Plaintiff by videoconference on September 23, 2026, at least seven days before the filing of this Motion, and disclosed the bases for the Motion. The parties were unable to resolve or narrow the dispute regarding arbitration.

Dated: October 8, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: *Lindsay Vick*
Gaurav Bobby Kalra
Lindsay M. Vick
Attorneys for Defendant
RHOMBUS POWER, INC.

GAURAV BOBBY KALRA, Bar No. 219483
bkalra@grsm.com
LINDSAY M. VICK (*Admitted Pro Hac Vice)*
lvick@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California 95825
Telephone: (279) 274-4582
Facsimile: (916) 920-4402

Attorneys for Defendant
RHOMBUS POWER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Douglas R. Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Rhombus Power, Inc., a Delaware Corporation; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 26-cv-07387-EKL<br><br>**DEFENDANT RHOMBUS POWER, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: January 27, 2027<br><br>Time: 10:00 a.m.<br><br>Judge: Eumi K. Lee<br><br>Courtroom 7 - 4th Floor<br>280 S. 1st First St., San Jose, CA 95113<br><br>Complaint Filed: July 16, 2026 |

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. STATEMENT OF RELEVANT FACTS .......... 2

A. The Parties, the Arbitration Agreement, and Plaintiff's Claims. .......... 2

B. The Alleged Sexual-Harassment Predicate .......... 3

C. Procedural Posture .......... 4

III. LEGAL STANDARD .......... 4

IV. ARGUMENT .......... 5

A. The Parties Entered into a Valid Arbitration Agreement Governed by the FAA. .......... 5

B. All Five of Plaintiff's Claims Fall Within the Scope of the Agreement. .......... 6

C. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act Does Not Exempt This Dispute From Arbitration. .......... 8

1. The EFAA requires a plausibly alleged sexual harassment dispute. .......... 8

2. Plaintiff has alleged no qualifying sexual harassment dispute. .......... 10

3. Contrary authorities do not apply absent a qualifying dispute. .......... 11

D. The Court Should Stay This Action Pending Arbitration. .......... 12

V. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Abuelhawa v. Santa Clara Univ.*,
529 F. Supp. 3d 1059 (N.D. Cal. 2021) .......... 2

*Andresen v. Intepros Fed., Inc.*,
No. CV 15-446 (EGS), 2024 WL 4164660 (D.D.C. Sept. 12, 2024) .......... 7

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
24 Cal. 4th 83 (2000) .......... 6

*Arouh v. GAN Limited*,
No. 23-cv-02001, 2024 WL 3469032 (C.D. Cal. Mar. 22, 2024) .......... 10

*Bruce v. Adams & Reese, LLP*,
168 F.4th 367 (6th Cir. 2026) .......... 11

*Cir. City Stores, Inc. v. Adams*,
532 U.S. 105 (2001) .......... 5

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985) .......... 5, 7

*Diaz-Roa v. Hermes L., P.C.*,
757 F. Supp. 3d 498 (S.D.N.Y. 2024) .......... 9

*Ding v. Structure Therapeutics, Inc.*,
755 F. Supp. 3d 1200 (N.D. Cal. 2024) .......... 9

*Ding v. Structure Therapeutics, Inc., NASDAQ*,
--- F.4th ----, 2026 WL 2420555 (9th Cir. Aug. 19, 2026) .......... 8, 9, 11

*KPMG LLP v. Cocchi*,
565 U.S. 18 (2011) .......... 7

*Lambert v. New Start Cap. LLC*,
799 F. Supp. 3d 258 (S.D.N.Y. 2025) .......... 11

*Lambert v. Tesla, Inc.*,
923 F.3d 1246 (9th Cir. 2019) .......... 6

*Ly v. Tesla, Inc.*,
757 F. Supp. 3d 1033 (N.D. Cal. 2024) .......... 5, 6

*Lyle v. Warner Bros. Television Prods.*,
38 Cal. 4th 264 (2006) .......... 10


GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

*Montes v. Thorntons LLC*,
831 F. Supp. 3d 860 (N.D. Cal. 2026) (Lee, J.) .......... 4, 5, 12

*Olivieri v. Stifel, Nicolaus & Co., Inc.*,
112 F.4th 74 (2d Cir. 2024) .......... 11

*Onodera v. Kuhio Motors Inc.*,
No. 13-00044 DKW-RLP, 2014 WL 1031039 (D. Haw. Mar. 13, 2014) .......... 10

*Raupp v. Compass Grp. USA, Inc.*,
No. 24-10565, 2024 WL 4948838 (E.D. Mich. Dec. 3, 2024) .......... 10

*Robertson v. Intratek Computer, Inc.*,
976 F.3d 575 (5th Cir. 2020) .......... 7

*Smith v. Spizzirri*,
601 U.S. 472 (2024) .......... 12

*Su Ai v. Tencent America LLC*,
No. 26-cv02498-NW, 2026 WL 2170875 (N.D. Cal. July 28, 2026) .......... 9

*Turner v. Tesla, Inc.*,
686 F. Supp. 3d 917 (N.D. Cal. 2023) .......... 8, 9

*Van De Hey v. EPAM Sys. Inc.*,
No. 24-CV-08800-RFL, 2025 WL 829604 (N.D. Cal. Feb. 28, 2025) .......... 9, 10

*Ware v. Golden 1 Credit Union, Inc.*,
375 F. Supp. 3d 1145 (E.D. Cal. 2019) .......... 4, 5, 6

*Yanowitz v. L'Oreal USA, Inc.*,
36 Cal. 4th 1028 (2005) .......... 10

*Yost v. Everyrealm, Inc.*,
657 F. Supp. 3d 563 (S.D.N.Y. 2023) .......... 8, 9

*Ziober v. BLB Resources, Inc.*,
839 F.3d 814 (9th Cir. 2016) .......... 7

*Zoller v. GCA Advisors, LLC*,
993 F.3d 1198 (9th Cir. 2021) .......... 6

**Statutes**

10 U.S.C. § 2409 .......... 7

10 U.S.C. § 4701 .......... 3, 7

10 U.S.C. § 4701(c)(8) .......... 6

41 U.S.C. § 4712 .......... 7

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

9 U.S.C. § 1 .... 4

9 U.S.C. § 2 .... 1, 4

9 U.S.C. § 3 .... 12

9 U.S.C. § 401 .... 1

9 U.S.C. § 401(4) .... 8

9 U.S.C. § 402(a) .... 8

Gov. Code § 12940(h) .... 3

Gov. Code § 12940(k) .... 3

Lab. Code § 1102.5 .... 1, 3, 6

**Court Rules**

Fed. R. Civ. P. 12(b)(6) .... 8, 10

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

When Plaintiff Douglas R. Woodall accepted employment with Rhombus Power, he signed an offer letter in which he and the Company mutually agreed that "any Dispute" arising out of his employment "will be resolved through binding arbitration in Santa Clara County, California," and expressly acknowledged that he was thereby "waiving any right [he] might otherwise have to a jury trial." Ex. 1 at 3, Offer Letter from Rhombus Power to Woodall. Each of the five claims in his Complaint—for reprisal under the Defense Contractor Whistleblower Protection Act ("DCWPA"), for retaliation and failure to prevent retaliation under the California Fair Employment and Housing Act ("FEHA"), for whistleblower retaliation under California Labor Code section 1102.5, and for wrongful termination in violation of public policy—arises out of that employment and its termination. Under the Federal Arbitration Act ("FAA") and the strong federal policy favoring arbitration, those claims must be arbitrated.

Woodall resists arbitration on a single theory: that the EFAA voids the agreement because his retaliation claims relate to his report of alleged sexual harassment of a subordinate that he did not witness and that the purported victim did not report. His theory fails at the threshold. The EFAA applies only to a "sexual harassment dispute," which the EFAA defines as a dispute "relating to conduct that is *alleged to constitute* sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401 (emphasis added). Courts require a plaintiff to plausibly plead the underlying sexual harassment before the EFAA displaces an arbitration agreement; the statute is not triggered by the mere invocation of the words "sexual harassment." Here, Woodall is not the person allegedly harassed, did not witness the alleged conduct, and rests his allegations on secondhand, uncorroborated accounts of conduct by non-employee foreign officials—accounts the purported victim herself has declined to confirm and that Woodall himself initially reported only as "workplace gossip" and "verbal harassment." Ex. 2 at 1, Email: Report of Potential Code of Conduct Violation and Recommendations for Resolution. Because no qualifying sexual harassment dispute has been plausibly alleged, the EFAA does not apply, and the signed arbitration agreement remains "valid, irrevocable, and enforceable," 9 U.S.C. § 2. Accordingly, the Court should compel

arbitration of all of Woodall's claims and stay this action.

## II. STATEMENT OF RELEVANT FACTS

### A. The Parties, the Arbitration Agreement, and Plaintiff's Claims.

Rhombus Power is a defense and intelligence technology company that develops artificial-intelligence ("AI") software for national-security customers, contracts with the United States Government, and operates across state lines. Declaration of Hallie Balkin ("Balkin Decl.") ¶ 2; *see also* Rhombus Power, https://rhombuspower.com.[1] Rhombus Power is a recognized leader in AI that delivers mission critical platforms and services to United States defense, intelligence, and national security agencies as well as to allied governments. Balkin Decl. ¶ 2. The Company's mission is to empower decision makers with AI-powered decision intelligence, transforming complexity into clarity and uncertainty into action. Balkin Decl. ¶ 3. Founded in 2011, Rhombus Power is headquartered in Silicon Valley and employs approximately 185 professionals who are dedicated to advancing AI-powered decision intelligence for global defense and security. Balkin Decl. ¶ 4.

Rhombus Power hired Woodall, a retired U.S. Army colonel, to serve as a Client Success Manager, effective July 31, 2023. Ex. 1 at 1. His employment was governed by an offer letter dated July 25, 2023, which he signed that same day. Ex. 1 at 4.

Paragraph 18 of the offer letter provides that:

> Except as prohibited by law, any Dispute between you and the Company (or between you and any officer, director, employee or affiliates of the Company) . . . will be resolved through binding arbitration in Santa Clara County, California under the Arbitration Rules set forth in California Code of Civil Procedure Section 1280 et seq., and pursuant to California law.

Ex. 1 at 3. It further states, in capitalized text, that "THE PARTIES UNDERSTAND THAT BY AGREEING TO ARBITRATE DISPUTES THEY ARE WAIVING ANY RIGHT THEY MIGHT OTHERWISE HAVE TO A JURY TRIAL." Paragraph 17 defines "Dispute" broadly to include

[1] *See Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1061 n.1 (N.D. Cal. 2021) (taking judicial notice of materials on university's publicly available website and explaining that "[d]ocuments on 'publicly available websites' and public records are proper subjects of judicial notice").

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

any dispute "arising out of, related to, or in any way connected with, this letter, your employment with the Company or any other relationship between you and the Company." Ex. 1 at 3. The agreement preserves only two limited carve-outs: the right to file charges with state or federal agencies, and the right to seek provisional equitable relief through judicial process. Ex. 1 at 3.

Woodall asserts five causes of action in his Complaint, each arising from his employment and its November 2025 termination: (1) reprisal in violation of the DCWPA, 10 U.S.C. § 4701; (2) retaliation in violation of FEHA, Cal. Gov. Code § 12940(h); (3) whistleblower retaliation in violation of Labor Code section 1102.5; (4) failure to prevent retaliation in violation of FEHA, Cal. Gov. Code § 12940(k); and (5) wrongful termination in violation of public policy.

**B. The Alleged Sexual-Harassment Predicate**

Woodall's retaliation claims rest on his contention that he was retaliated against for opposing the alleged sexual harassment of his subordinate, Noreeza Khan. Compl. ¶ 87. Woodall does not allege that he was himself harassed. *See* Compl. ¶¶ 80-90. Instead, he alleges that, during an August 2025 business trip to Ukraine, Khan was subjected to inappropriate comments by Ukrainian military officials—non-employees of Rhombus Power, acting abroad—and that Khan later described that conduct to him. Compl. ¶¶ 82-83. Woodall did not—and cannot—contend that he witnessed the alleged conduct because his account is derived from what Khan told him.

Woodall first reported a claim of potential harassment concerning Khan, on September 21, 2025. Balkin Decl. ¶ 8. After this initial report, Rhombus Power's Director of People Operations, Melissa Fehl, spoke directly with 4 other participants in the Ukraine trip. Fehl did not make contact with the client/contractor involved, and Khan refused to participate in the investigation. Balkin Decl. ¶ 9. Ultimately, Rhombus Power's conclusion after its investigation into Woodall's report was inconclusive as to whether actionable conduct occurred. Balkin Decl. ¶ 10. Nevertheless, Rhombus Power made internal recommendations to mitigate exposure to potentially uncomfortable or harassing interactions. Balkin Decl. ¶ 10.

On October 20, 2025, Woodall sent Hallie Balkin, Rhombus Power's General Counsel, and Melissa Fehl, Rhombus Power's Director of People Operations, an email titled "Report of Potential Code of Conduct Violation and Recommendations for Resolution. Ex. 2 at 1. Therein, Woodall

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

reported "an incident involving workplace gossip" that he believed violated Rhombus Power's Code of Conduct prohibiting "verbal harassment, intimidation, bias, and discrimination" and that the incident created a hostile and embarrassing environment for [Khan]." Ex. 2 at 1. Rhombus Power subsequently hired Pillsbury to conduct an objective, impartial, and fair investigation into Woodall's gossip allegations. Balkin Decl. ¶ 12.

Nowhere in the report did Woodall reference sexual harassment or details about what occurred in Ukraine. Instead, Woodall's focus was on the verbal conduct of another employee who worked with Khan in the same office in the United States. *See* Ex. 2.

Rhombus Power terminated Woodall's employment with the company after it made the decision to eliminate the Warfighting Department in which Woodall worked. Balkin Decl. ¶ 13. Woodall's complaint filed in this Court followed.

### C. Procedural Posture

Prior to answering the Complaint, Rhombus Power sought to execute a stipulation to arbitration of this matter with Woodall, and he declined. Thereafter, Rhombus Power preserved its arbitration defense in its Answer, asserting as a separate defense that Woodall "entered into a valid and enforceable agreement requiring that some or all of the claims asserted in the Complaint be submitted to final and binding arbitration." ECF No. 16, Def.'s Answer at 51st Affirmative Defense. Rhombus Power does not join in Woodall's jury demand. The parties met and conferred regarding arbitration but were unable to resolve their disagreement, necessitating this Motion.

## III. LEGAL STANDARD

The FAA governs the enforcement of written arbitration agreements that implicate interstate commerce. 9 U.S.C. § 1; *Montes v. Thorntons LLC*, 831 F. Supp. 3d 860, 865-66 (N.D. Cal. 2026) (Lee, J.). Section 2 makes such agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, and thereby "establishe[s] a national policy favoring arbitration." *Ware v. Golden 1 Credit Union, Inc.*, 375 F. Supp. 3d 1145 (E.D. Cal. 2019) (quoting *Preston v. Ferrer*, 552 U.S. 346, 353 (2008)). In deciding a motion to compel, the Court asks only "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Montes*, 831 F. Supp. 3d at 866; *accord*

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

*Ly v. Tesla, Inc.*, 757 F. Supp. 3d 1033, 1040 (N.D. Cal. 2024). If both are satisfied, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *Ly*, 757 F. Supp. 3d at 1040.

## IV. ARGUMENT

### A. The Parties Entered into a Valid Arbitration Agreement Governed by the FAA.

This Court should compel Woodall to arbitrate this lawsuit because the signed arbitration agreement covers all employment-related claims, including those asserted here. The first requirement—a valid agreement to arbitrate—is readily met. Woodall signed the offer letter containing the arbitration provision on July 25, 2023, and an audit report confirming the authenticity of the signatures is attached thereto. *See* Ex. 1 at 3-4. The agreement is mutual, in writing, and supported by the employment relationship. Arbitration agreements are enforceable as a matter of contract absent defenses such as fraud, duress, or unconscionability, *see Ly*, 757 F. Supp. 3d at 1040, and Woodall can identify no generally applicable contract defense that would invalidate the agreement he signed with Rhombus Power.

The FAA governs the agreement here. *See Montes*, 831 F. Supp. 3d at 865-66. The Act reaches employment contracts, except only the narrow class of "contracts of employment of transportation workers." *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001); *Montes*, 831 F. Supp. 3d at 866. Woodall, a client-success and business-development executive at a leading defense and intelligence technology company, is not a transportation worker, and Rhombus Power's operations in interstate commerce bring the agreement squarely within the FAA. Moreover, the agreement's selection of California law and the California Arbitration Act does not displace the FAA's substantive policy of enforceability. *Ware*, 375 F. Supp. 3d at 1150 (holding where an arbitration agreement contains California choice-of-law clause and selection of arbitration rules, the clause incorporates California substantive law but does not import state procedural rules limiting arbitration). Finally, because the agreement covers statutory employment claims, it satisfies the protections California law requires for the arbitration of such claims—all substantive

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

remedies available in court, a neutral arbitrator, adequate discovery, a written award, and no unique costs imposed on the employee. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 102-07 (2000); *see also Ware*, 375 F. Supp. 3d at 1151. The agreement's carve-outs preserving the right to file administrative charges and to seek provisional equitable relief are fully consistent with these requirements. Thus, a valid and binding arbitration agreement exists.

**B. All Five of Plaintiff's Claims Fall Within the Scope of the Agreement.**

The second requirement for this Court to grant the motion to compel is likewise satisfied. The arbitration agreement defines "Dispute" to reach any dispute "arising out of, related to, or in any way connected with . . . your employment with the Company or any other relationship between you and the Company." Ex. 1 at 3. Each of Woodall's five causes of action arises out of his employment with Rhombus Power and its November 2025 termination of his employment. *See* Compl. ¶¶ 73-108. Therefore, Woodall's claims fall within the agreement's broad scope. Woodall's state statutory claims under the FEHA and Labor Code section 1102.5, and his common-law claim for wrongful termination in violation of public policy, are the kind of statutory and employment claims that courts in this circuit routinely order to arbitration. *See e.g.*, *Ly*, 757 F. Supp. 3d at 1038 (granting motion to compel arbitration of California FEHA and public policy claims). The party resisting arbitration "bears the burden of proving that [his] statutory employment discrimination and civil rights claims are not suitable for arbitration," *Zoller v. GCA Advisors, LLC*, 993 F.3d 1198, 1201 (9th Cir. 2021). And the Ninth Circuit has enforced agreements to arbitrate statutory employment claims because arbitration "affects only the choice of forum, not substantive rights." *Lambert v. Tesla, Inc.*, 923 F.3d 1246, 1251 (9th Cir. 2019).

Woodall 's federal DCWPA claim (Count One) is equally arbitrable. Compl. ¶¶ 73-79. The DCWPA's anti-waiver provision states only that "[t]he rights and remedies provided for in this section may not be waived by any agreement, policy, form, or condition of employment." 10 U.S.C. § 4701(c)(8). It contains no reference to arbitration. An agreement to arbitrate does not waive any substantive right or remedy; it merely selects the forum in which those rights are vindicated. As the Ninth Circuit has held, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

than a judicial, forum." *Ziober v. BLB Resources, Inc.*, 839 F.3d 814, 818 (9th Cir. 2016) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). A plaintiff compelled to arbitrate thus "loses no substantive protections by arbitrating his claims," and can prevail only by showing that the statute independently creates a non-waivable procedural right to a judicial forum. *Id.* The DCWPA creates no such right.

The leading appellate authority so holds. Construing the materially identical anti-waiver and jury-trial provisions of the DCWPA's sister statute, 41 U.S.C. § 4712, the court in *Robertson v. Intratek Computer, Inc.*, held that the statute does not "render[] unenforceable an arbitration agreement," because a jury trial "is not itself a 'right' or 'remedy'" created by the statute but merely one means of vindicating the substantive whistleblower right. 976 F.3d 575, 580 (5th Cir. 2020). The court further explained that an earlier draft of the anti-waiver provision expressly barred waiver "by any predispute arbitration agreement," but Congress deleted that language—confirming that the enacted statute embodies no "contrary congressional command" sufficient to override the FAA. *Id.* at 581-82. Applying that reasoning directly to the DCWPA itself, the court in *Andresen v. Intepros Fed., Inc.*, held that whistleblower reprisal claims under the statute are arbitrable, because the operative provisions are "identical" to those the Fifth Circuit examined. No. CV 15-446 (EGS), 2024 WL 4164660, *21 (D.D.C. Sept. 12, 2024) (citing 10 U.S.C. § 2409, now codified at 10 U.S.C. § 4701). All five claims are therefore arbitrable.

Even if the Court were to conclude that Count One is not arbitrable—it is—that would not defeat this Motion as to the remaining claims. The FAA "requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Reynolds, Inc.*, 470 U.S. at 217. A court "may not issue a blanket refusal to compel arbitration merely on the grounds that some of the claims" are nonarbitrable. *KPMG LLP v. Cocchi*, 565 U.S. 18, 19 (2011). And even where a whistleblower statute's anti-waiver provision does bar arbitration of the whistleblower claim itself, it does not bar arbitration of the employee's other claims under an otherwise valid agreement.

///

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

### C. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act Does Not Exempt This Dispute From Arbitration.

Woodall's sole basis for avoiding arbitration is the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"). That statute provides that, "at the election of the person alleging conduct constituting a sexual harassment dispute . . . "no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). A "sexual harassment dispute" is "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4); *Turner v. Tesla, Inc.*, 686 F. Supp. 3d 917 (N.D. Cal. 2023). The EFAA is a narrow exception to the FAA, and the threshold question of its applicability is one for the Court. *See Turner*, 686 F. Supp. 3d at 922-23; *see also Ding v. Structure Therapeutics, Inc., NASDAQ*, --- F.4th ----, 2026 WL 2420555, at *4 (9th Cir. Aug. 19, 2026). Plaintiff cannot clear that threshold.

#### 1. The EFAA requires a plausibly alleged sexual harassment dispute.

The EFAA is not triggered by a plaintiff's incantation of the words "sexual harassment." By its terms, the statute reaches only a "sexual harassment dispute"—defined as "a dispute relating to conduct that is *alleged to constitute* sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4) (emphasis added). That definition "requires the plaintiff to assert that the conduct violated such a law," because the operative word "alleged" is modified by the qualifying phrase "to constitute sexual harassment under applicable Federal, Tribal, or State law." *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023). That qualifier "adds a legal dimension to the required allegation" and "identifies the legal measuring stick": the conduct must be "alleged to constitute sexual harassment *under applicable Federal, Tribal, or State law*." *Id.* (quoting 9 U.S.C. § 401(4)). The *Yost* court grounded its reading of the term "alleged" in § 401(4) in the Federal Rule of Civil Procedure 12(b)(6) plausibility standard, the EFAA's purpose to allow genuine harassment claims to litigate in court, and the federal policy favoring arbitration. *Id.* at 585-86. Thus, a plaintiff who merely "describ[es] conduct in the vernacular as 'sexual harassment'" without pleading a viable legal claim does not invoke the EFAA and cannot "neutralize an



GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

arbitration agreement." *Id.*; *but see Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024) (holding that "a plaintiff need only plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment" to invoke the EFAA).

The controlling authority in this Circuit points the same way. In *Ding*, the Ninth Circuit proceeded on the parties' shared premise "that the EFAA requires a plaintiff to 'plausibly plead' a sexual harassment claim," and it evaluated the claim by "accept[ing] all factual allegations in the complaint as true" and "draw[ing] all reasonable inferences in favor of the plaintiff." 2026 WL 2420555, at *6. In this district, courts applying the EFAA consistently require plaintiffs to plausibly plead the underlying sexual harassment conduct. *See Ding v. Structure Therapeutics, Inc.*, 755 F. Supp. 3d 1200, 1203–04, 1212 (N.D. Cal. 2024); *Turner*, 686 F. Supp. 3d at 923, 924; *see also Van De Hey v. EPAM Sys. Inc.*, No. 24-CV-08800-RFL, 2025 WL 829604, at *3 (N.D. Cal. Feb. 28, 2025) (applying the plausibility standard to determine the allegations necessary to invoke the EFAA); *Su Ai v. Tencent America LLC*, No. 26-cv02498-NW, 2026 WL 2170875, at *4 (N.D. Cal. July 28, 2026).

District courts in and outside of the Ninth Circuit are divided on the question of whether to use the "plausibly pled" or "nonfrivolous claim" standards to determine whether a case relates to a sexual harassment dispute such that the EFAA applies and precludes enforceability of an arbitration agreement. The *Yost* court rejected the "nonfrivolous theory" because permitting an implausibly pled claim to defeat arbitration, it reasoned, "would invite mischief, by incenting future litigants bound by arbitration agreements to append bogus, implausible claims of sexual harassment to their viable claims, in the hope of end-running these agreements." The *Yost* court also interpreted the language "alleged to constitute sexual harassment *under applicable Federal, Tribal, or State law*" to "implicitly incorporate the plausibility standard," *Yost*, 657 F. Supp. 3d at 585, "which is longstanding and is well-known to Congress." *Van De Hey*, 2025 WL 829604, at 3. As a court in this district recently acknowledged, "[a] minority of courts apply a liberal standard according to which a plaintiff need only 'plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment, with the sufficiency of those claims to be reserved for proper merits adjudication.'" *Van De Hey*, 2025 WL 829604, at 3. But district court decisions in

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

this circuit grappling with this issue have adopted the pleading standard of Federal Rule of Civil Procedure 12(b)(6) to determine EFAA applicability, and this Court should do the same. *See id.* at 3 (citing *Arouh v. GAN Limited*, No. 23-cv-02001, 2024 WL 3469032, at *6 (C.D. Cal. Mar. 22, 2024)).

**2. Plaintiff has alleged no qualifying sexual harassment dispute.**

The facts underlying Woodall's claim of retaliation for reporting another employee's sexual harassment are insufficient to allege conduct constituting a sexual harassment dispute under Federal, State, or Tribal law. Woodall alleged that Khan "reported" to him that she has suffered sexual harassment during a Rhombus Power business trip to Ukraine. Compl. ¶¶ 82-83. The perpetrators of the conduct were "Ukrainian military officials." Compl. ¶ 82. The perpetrators said vulgar, sexually explicit things to Khan, and after the trip, another employee spread "workplace gossip" about Khan. Compl. ¶ 86.

To plausibly allege a sexual harassment claim, a plaintiff generally must show sufficiently severe or pervasive unwelcome sexual advances or conduct, and the conduct must be imputable to the employer. *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006). With respect to retaliation, the law protects an employee from retaliation for reporting or opposing conduct he "reasonably and in good faith believes to be discriminatory, whether or not the challenged conduct is ultimately found to violate the FEHA." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1043, (2005).

Woodall cannot meet those thresholds. He was not the person allegedly harassed, and the person who allegedly was—Khan—has never asserted a claim of sexual harassment. *See* Compl. ¶¶ 80-89; *see e.g.*, *Raupp v. Compass Grp. USA, Inc.*, No. 24-10565, 2024 WL 4948838, at *2 (E.D. Mich. Dec. 3, 2024) (holding that a plaintiff who did not himself experience the harassment "cannot invoke the EFAA to invalidate the arbitration clause due to another person's sexual harassment allegation."). Woodall did not witness the alleged conduct, his allegations rest entirely on secondhand accounts, and the purported victim declined to confirm or substantiate them when Rhombus Power sought to investigate. *See* Compl. ¶ 82-83, 86; Balkin Decl. ¶ 9-10; Ex. 2; *Cf. Onodera v. Kuhio Motors Inc.*, No. 13–00044 DKW–RLP, 2014 WL 1031039, at *6 (D. Haw. Mar.

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

13, 2014) (involving a plaintiff who witness alleged conduct but was found to have a reasonable belief the conduct was unlawful). Moreover, the alleged harassers were non-employee foreign officials acting abroad. *See* Compl. ¶ 82.

It is unreasonable to believe that the conduct of Ukranian military officials in Ukraine, and not employed by Rhombus Power, is imputable to Rhombus Power. Not only was the conduct not ongoing or pervasive in any way, Woodall only learned of the conduct through others, thereby reducing the credibility or accuracy of the claim. Indeed, when Woodall reported the alleged potential harassment, he referred to it only as "verbal harassment" and "workplace gossip" conducted by an employee who worked in the same physical office with Khan in the United States. In other words, Woodall himself did not view the dispute as a sexual harassment dispute when he initially made a formal report about the incident. *See* Ex. 2. Because Woodall lacked a reasonable basis to believe harassment occurred, his characterization that he "reported" something does not convert an unsubstantiated report into EFAA-covered conduct or protected activity.

**3. Contrary authorities do not apply absent a qualifying dispute.**

Woodall relies on decisions holding that retaliation for reporting sexual harassment "relates to" a sexual harassment dispute, and that once the EFAA applies it exempts the plaintiff's entire case. *See, e.g., Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 92 (2d Cir. 2024); *Lambert v. New Start Cap. LLC*, 799 F. Supp. 3d 258, 281 (S.D.N.Y. 2025); *Ding*, 2026 WL 2420555, at *7. Those authorities are not persuasive in this case because each presupposes what is missing here: a plausibly alleged, qualifying sexual harassment dispute that Woodall had a reasonable basis to believe occurred. The entire-case rule is gated by that threshold as demonstrated by the courts in *Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 383 (6th Cir. 2026), and *Turner* reached it only after independently finding that the plaintiff had plausibly pled a sexual harassment claim. The EFAA reaches only the case of an individual who himself alleges a qualifying dispute, and courts have refused to let a plaintiff "piggyback" on harassment allegations that are not his own. *See Lambert*, 799 F. Supp. 3d at 282-83. Because Woodall has alleged no qualifying sexual harassment dispute of his own, the EFAA's entire-case rule is inapplicable.

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**D. The Court Should Stay This Action Pending Arbitration.**

Because all of Plaintiff's claims are subject to arbitration, the Court should stay this action in its entirety. Section 3 of the FAA provides that, on a party's application, a court "shall . . . stay the trial of the action until [the] arbitration" has concluded, 9 U.S.C. § 3. Similarly, the Supreme Court has held that § 3 does not permit "a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay." *Smith v. Spizzirri*, 601 U.S. 472, 474 (2024). Rhombus Power requests a stay of this matter. Where, as here, all claims are referable to arbitration, "the case must be stayed in its entirety until the arbitration proceedings conclude." *Montes*, 831 F. Supp. 3d at 871.

## V. CONCLUSION

For the foregoing reasons, Rhombus Power respectfully requests that the Court grant this Motion, compel Plaintiff to arbitrate all of his claims in Santa Clara County, California, in accordance with Paragraph 18 of the offer letter, and stay this action pending completion of the arbitration.

Dated: October 8, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Lindsay Vick

Gaurav Bobby Kalra
Lindsay M. Vick
Attorneys for Defendant
RHOMBUS POWER, INC.

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**CERTIFICATION OF LEAD TRIAL COUNSEL REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

I, Lindsay M. Vick, am lead trial counsel for Defendant Rhombus Power, Inc. in this action. I certify, pursuant to Section H of the Standing Order for Civil Cases Before Judge Eumi K. Lee, in connection with Defendant's Motion to Compel Arbitration, that generative artificial intelligence tools were used to assist with legal research and prepare an outline of the Motion. I certify that no content generated by any generative artificial intelligence tool was incorporated into the Motion without my independent review and verification.

Dated: October 8, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Lindsay Vick
Lindsay M. Vick
Attorney for Defendant
RHOMBUS POWER, INC.

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825