Robert J. King (Bar No. 302545)
robert@kingsiegel.com
**KING & SIEGEL LLP**
601 University Ave., Suite 275
Sacramento, California 95825
tel: (213) 465-4802
fax: (213) 465-4803

Attorneys for Plaintiff
Douglas R. Woodall

King & Siegel LLP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**Douglas R. Woodall**, an individual,

Plaintiff,

v.

**Rhombus Power, Inc.**, a Delaware corporation; and Does 1-10, inclusive,

Defendant.

CASE NO.: 5:26-cv-07387-EKL

[Assigned to Hon. Eumi K. Lee]

**PLAINTIFF DOUGLAS R. WOODALL'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Date: January 27, 2027
Time: 10:00 a.m.
Judge: Eumi K. Lee
Courtroom 7 – 4th Floor
280 S. First St., San Jose, CA 95113

Action Filed: July 16, 2026
Trial Date: None Set

King & Siegel LLP

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. FACTS .......... 1

A. Factual Allegations Regarding Harassment .......... 1

B. Additional Facts Supporting Plaintiff's Retaliation Cause of Action .......... 2

C. The EFAA .......... 2

D. Procedural History .......... 3

III. THE EFAA PROHIBITS ARBITRATION OF THIS CASE .......... 3

A. A Plaintiff Need Only Allege a Nonfrivolous Claim Relating to Sexual Harassment .......... 3

1. The Weight of Circuit Authority Supports a Nonfrivolous Standard .......... 4

2. The Text of the EFAA Requires a Liberal Pleading Standard .......... 5

3. The Statutory Scheme Requires a Liberal Pleading Standard .......... 5

B. The EFAA Applies to Plaintiff's Retaliation Claims .......... 6

C. The Court Must Reject Defendant's Extrinsic Evidence .......... 7

D. The Complaint Is Sufficient to Invoke the EFAA .......... 7

E. The EFAA Allows Plaintiff's Entire Case to Proceed in Court .......... 10

IV. CONCLUSION .......... 10

King & Siegel LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Louis Vuitton N. Am., Inc.*, No. CV 25-2878, 2025 WL 1591800 (C.D. Cal. June 5, 2025) .......... 5

*Atiba v. Thirty Madison Inc.*, No. EDCV 25-2549, 2026 WL 2001225 (C.D. Cal. Feb. 20, 2026) .......... 5

*Brown v. Lululemon USA Inc.*, No. 2:25-CV-09629, 2026 WL 458644 (C.D. Cal. Jan. 28, 2026) .......... 5

*Bruce v. Adams & Reese, LLP*, 168 F.4th 367 (6th Cir. 2026) .......... 12

*Butler v. JSerra Cath. High Sch.*, No. 8:25-CV-01430, 2025 WL 4057443 (C.D. Cal. Sept. 10, 2025) .......... 5

*Cardenas v. F.D. Thomas, Inc.*, No. 2:24-cv-01814, 2025 WL 418753 (E.D. Cal. Feb. 6, 2025) .......... 5

*Cliff v. FreedomRoads, LLC*, No. 3:25-CV-00296-CSD, 2026 WL 125625 (D. Nev. Jan. 16, 2026) .......... 7

*Cook v. Stanley G. Alexander, Inc.*, 349 Or. App. 73 (2026) .......... 8

*Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146 (C.D. Cal. 2013) .......... 9

*Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498 (S.D.N.Y. 2024), *aff'd*, No. 24-3223-cv, 2026 WL 2931801 (2d Cir. Sept. 30, 2026) .......... 4, 5, 6, 7, 12

*Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307 (2015) .......... 11

*Ding v. Structure Therapeutics, Inc.*, 187 F.4th 1231 (9th Cir. 2026) .......... 4, 8, 12

*Doe v. City & Cnty. of San Francisco*, 835 F. Supp. 2d 762 (N.D. Cal. 2011) .......... 10

*Ferrell v. Harris Ventures, Inc.*, 812 F. Supp. 2d 741 (E.D. Va. 2011) .......... 11

*Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467 (1992) .......... 10

*Gill v. US Data Mgmt., LLC*, No. 2:24-CV-05255, 2024 WL 5402494 (C.D. Cal. Dec. 2, 2024) .......... 5

*Hicks v. CEC Ent. Holdings I, Inc.*, No. CV 24-1120-CFC, 2025 WL 1770787 (D. Del. June 26, 2025) .......... 8

*Holland-Thielen v. Space Expl. Techs. Corp.*, No. 2:24-CV-06972, 2025 WL 2190619 (C.D. Cal. July 11, 2025) .......... 5

*Lambert v. New Start Cap. LLC*, 799 F. Supp. 3d 258 (S.D.N.Y. 2025), *appeal withdrawn*, No. 25-2160, 2026 WL 654284 (2d Cir. Feb. 27, 2026) .......... 7

*Mackay v. PetSmart, Inc.*, No. EDCV 25-1626, 2025 WL 3482620 (C.D. Cal. Dec. 2, 2025) .......... 5

*Molchanoff v. SOLV Energy, LLC*, No. 23CV653-LL-DEB, 2024 WL 899384 (S.D. Cal. Mar. 1, 2024) .......... 7

*Moyo v. Gomez*, 40 F.3d 982 (9th Cir. 1994) .......... 10

*Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74 (2d Cir. 2024) .......... 7

*Ramirez v. Domino's Pizza Supply Chain*, No. 24-CV-01731-SKC-STV, 2024 WL 5452684 (D. Colo. Nov. 8, 2024), *report and recommendation adopted*, No. 24-CV-01731-SKC-STV, 2025 WL 414381 (D. Colo. Feb. 6, 2025) .......... 8

*Raupp v. Compass Grp. USA, Inc.*, No. 24-10565, 2024 WL 4948838 (E.D. Mich. Dec. 3, 2024) .......... 8

*Shumway v. Space Expl. Techs. Corp.*, No. 2:25-CV-05959, 2025 WL 4035293 (C.D. Cal. Dec. 3, 2025) .......... 5

*Solis v. Prime Comms Retail, LLC*, No. 5:24-CV-02389-AH-(SHKx), 2025 WL 1255143 (C.D. Cal. Apr. 7, 2025) .......... 4

*Trent v. Valley Elec. Ass'n, Inc.*, 41 F.3d 524 (9th Cir. 1994) .......... 11

*Turner v. Tesla, Inc.*, 686 F. Supp. 3d 917 (N.D. Cal. 2023) .......... 4

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) .......... 5

*Woodruff-Drouault v. Securitas Sec. Servs. USA Inc.*, No. EDCV 25-529, 2025 WL 4683972 (C.D. Cal. Dec. 3, 2025) .......... 5

*Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028 (2005) .......... 10

**Statutes**

18 U.S.C. § 2246 .......... 6

9 U.S.C. § 401(3) .......... 6

9 U.S.C. § 401(4) .......... 3, 4, 6

9 U.S.C. § 402(a) .......... 2, 3, 5, 7, 9

9 U.S.C. § 402(b) .......... 2, 4

9 U.S.C. §§ 401–402 .......... 1



King & Siegel LLP

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 3

**Other Authorities**

168 Cong. Rec. H985 (daily ed. Feb. 7, 2022) .......... 3
168 Cong. Rec. S626 (daily ed. Feb. 10, 2022) .......... 3
H.R. Rep. No. 117-234 (2022) .......... 3

King & Siegel LLP

King & Siegel LLP

## I. INTRODUCTION

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (the "EFAA"), 9 U.S.C. §§ 401–402 forecloses Defendant's request to compel arbitration of this case. Plaintiff alleges that Rhombus fired him in retaliation for repeatedly raising concerns that his subordinate had been sexually harassed during a company business trip. This claim relates to a sexual harassment dispute and the EFAA thus renders his predispute arbitration agreement unenforceable as to the entire case.

Rhombus argues that Mr. Woodall could not reasonably have believed the conduct he reported was harassment, and it asks the Court to resolve that question on a motion to compel arbitration using evidence outside the pleadings. That argument fails. A plaintiff need only allege a nonfrivolous claim relating to sexual harassment to invoke the EFAA; the Court must accept the Complaint's allegations as true; and retaliation for reporting sexual harassment relates to a sexual harassment dispute. Because the EFAA applies, Mr. Woodall's entire case belongs in court, and the motion must be denied.

## II. FACTS

### A. Factual Allegations Regarding Harassment

In early August 2025, Plaintiff's subordinate, Noreeza Khan, traveled to Ukraine on a Rhombus business trip, where she was sexually harassed by Ukrainian military officials. Compl. ¶ 82. One official allegedly touched his crotch area while looking at Ms. Khan and said, "good god I need to remember I am married"; the same official repeatedly asked whether Ms. Khan was bisexual, referred to another woman as "the prostitute" or the "naked woman," and joined conversations by saying things such as "what are we talking about, sex, drugs, and fucking." *Id.*

Plaintiff learned of the harassment on September 19, 2025, after CEO Anshu Roy contacted him in the evening expressing anger about Ms. Khan and "what happened in Ukraine"; Plaintiff then spoke with Ms. Khan, who reported that she had been subjected to sexual harassment and other misconduct during the trip. *Id.* ¶ 83. Plaintiff promptly escalated the harassment to Rhombus senior leadership, raising it with CEO Roy and Dr. Sarah Cowan, who acknowledged by telephone "that there were some Ukrainians making comments," and Plaintiff requested that an investigation begin immediately. *Id.* ¶ 84. Three days later, on September 22, 2025, Cowan proposed reassigning Ms.

Khan, prompting Plaintiff to contact General Counsel Balkin about both the proposed move and the underlying sexual-harassment concern; Balkin responded that she had not been "read into anything re: Noreeza" and would follow up. *Id.* ¶ 85.

On October 20, 2025, Plaintiff submitted a written Code of Conduct violation report to Director of People Operations Melissa Fehl and General Counsel Balkin, reporting that Rhombus employee Ellen Chapin was spreading derogatory workplace gossip about Ms. Khan relating to the events in Ukraine. *Id.* ¶ 86. The report alleged violations of Rhombus' Code of Conduct, including harassment and derogatory remarks directed at a female employee. *Id.* Following Plaintiff's complaints, Rhombus subjected him to adverse employment actions, including exclusion from his work and team, placement on administrative leave, and termination. *Id.* ¶ 88.

**B. Additional Facts Supporting Plaintiff's Retaliation Cause of Action**

Although the Court need not consider extrinsic evidence to determine this motion, additional facts support Plaintiff's reasonable belief in reporting harassment. On September 22, Mr. Woodall sent a Microsoft Teams message to Cowan and Balkin raising concerns about "sexually harassing behavior from members of the Ukranian team toward her" and that concerns that the Ukrainians allegedly raised about Ms. Khan's performance might have been based on "turning down sexual advances." Decl. of Douglas Woodall Ex. 2. On September 29, Cowan asked Mr. Woodall if he "would like to pursue this in a formal investigation," *id.*, and on September 30, Melissa Fehl—Rhombus' Director of People Operations—emailed Mr. Woodall that she "was made aware that an employee reported to you a potential harassment claim" and that "per our policy and state laws, we need to conduct a prompt and thorough investigation." *Id.* Ex. 1.

**C. The EFAA**

The EFAA gives a plaintiff who alleges a "sexual harassment dispute" the unilateral right to elect a judicial forum. At the plaintiff's election, "no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which . . . relates to . . . the sexual harassment dispute." 9 U.S.C. § 402(a)–(b). A "sexual harassment dispute" is "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." *Id.* § 401(4).



King & Siegel LLP

Congress enacted the EFAA to "restore access to justice for millions of victims of sexual assault or harassment who are currently locked out of the court system and are forced to settle their disputes against companies in a private system of arbitration . . . ." H.R. Rep. No. 117-234, at 4 (2022). The legislative history emphasized giving victims of harassment "a real choice" to bring their claims in court. *See*, *e.g.*, 168 Cong. Rec. H985 (daily ed. Feb. 7, 2022) (statement of Rep. Jerrold Nadler) ("[The EFAA] removes these barriers to justice for survivors of sexual assault or sexual harassment by giving them a real choice of whether to go to court or to arbitrate their claim."). Senator Durbin, Chair of the Senate Judiciary Committee, clarified during a debate on the Senate floor: "[T]he bill text does not require . . . that victims have to prove a sexual assault or harassment claim before the rest of their related case can proceed in court." 168 Cong. Rec. S626 (daily ed. Feb. 10, 2022) (statement of Sen. Richard Durbin).

### D. Procedural History

On September 2, Defendant answered Plaintiff's Complaint, electing not to challenge the sufficiency of Plaintiff's retaliation claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 13. Instead, Defendant now seeks to challenge the sufficiency of Plaintiff's cause of action through the incorrect procedural mechanism, a motion to compel arbitration.

## III. <u>THE EFAA PROHIBITS ARBITRATION OF THIS CASE</u>

### A. A Plaintiff Need Only Allege a Nonfrivolous Claim Relating to Sexual Harassment

The EFAA is triggered by allegations, not by proof. Section 402(a) provides that, "at the election of the person alleging conduct constituting a sexual harassment dispute," no predispute arbitration agreement "shall be valid or enforceable with respect to a case which . . . relates to . . . the sexual harassment dispute." 9 U.S.C. § 402(a). Section 401(4) defines a "sexual harassment dispute" as "a dispute ***relating to*** conduct that is ***alleged*** to constitute sexual harassment under applicable Federal, Tribal, or State law." *Id.* § 401(4) (emphasis added). The Court must decide whether the EFAA applies. 9 U.S.C. § 402(b) ("The applicability of [the EFAA] to an agreement to arbitrate and the validity and enforceability of an agreement to which [the EFAA] applies shall be determined by a court, rather than an arbitrator . . . irrespective of whether the agreement purports to delegate such determinations to an arbitrator.").

King & Siegel LLP

While there is disagreement over the pleading standard necessary to invoke the EFAA, the better reasoned line of cases follows *Diaz-Roa v. Hermes Law, P.C.*, which found "the view that is more faithful to Congress' language and intent is that a plaintiff need only plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment, with the sufficiency of those claims to be reserved for proper merits adjudication, be it a motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, or trial." 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024), *aff'd*, No. 24-3223-cv, 2026 WL 2931801 (2d Cir. Sept. 30, 2026).

**4. The Weight of Circuit Authority Supports a Nonfrivolous Standard**

Rhombus misleadingly suggests that the "controlling authority in this Circuit" supports a plausibility standard citing to *Ding v. Structure Therapeutics, Inc.,* 187 F.4th 1231, 1239 (9th Cir. 2026). However, *Ding* explicitly did not decide this question. *Id.* ("Because the parties agree that the EFAA requires a plaintiff to 'plausibly plead' a sexual harassment claim, we assume without deciding that the EFAA imposes that requirement."). Of the three district court decisions that Rhombus cites in support of applying a plausibility standard, *Turner v. Tesla, Inc.*, 686 F. Supp. 3d 917, 924 (N.D. Cal. 2023), does not address the pleading standard at all and the others are heavily outweighed by other district courts within the Circuit. *See*, *e.g.*, *Solis v. Prime Comms Retail, LLC*, No. 5:24-CV-02389-AH-(SHKx), 2025 WL 1255143, at *2 (C.D. Cal. Apr. 7, 2025) ("The Court agrees with other decisions in this District that the *Diaz-Roa* court persuasively highlights the dubiousness of adjudicating the plausibility of a sexual harassment claim upon a motion to compel arbitration, which is designed to test adjudicative capacity, not the merits or proper pleading of claims.").[1]

[1] *See also Gill v. US Data Mgmt., LLC*, No. 2:24-CV-05255, 2024 WL 5402494, at *3 (C.D. Cal. Dec. 2, 2024); *Cardenas v. F.D. Thomas, Inc.*, No. 2:24-cv-01814, 2025 WL 418753, at *4 (E.D. Cal. Feb. 6, 2025); *Anderson v. Louis Vuitton N. Am., Inc.*, No. CV 25-2878, 2025 WL 1591800, at *5 (C.D. Cal. June 5, 2025); *Holland-Thielen v. Space Expl. Techs. Corp.*, No. 2:24-CV-06972, 2025 WL 2190619, at *12 (C.D. Cal. July 11, 2025); *Woodruff-Drouault v. Securitas Sec. Servs. USA Inc.*, No. EDCV 25-529, 2025 WL 4683972, at *4 (C.D. Cal. Dec. 3, 2025); *Mackay v. PetSmart, Inc.*, No. EDCV 25-1626, 2025 WL 3482620, at *4 (C.D. Cal. Dec. 2, 2025); *Butler v. JSerra Cath. High Sch.*, No. 8:25-CV-01430, 2025 WL 4057443, at *4 (C.D. Cal. Sept. 10, 2025); *Atiba v. Thirty Madison Inc.*, No. EDCV 25-2549, 2026 WL 2001225, at *3 (C.D. Cal. Feb. 20, 2026); *Brown v. Lululemon USA Inc.*, No. 2:25-CV-09629, 2026 WL 458644, at *4 (C.D. Cal. Jan. 28, 2026); *Shumway v. Space Expl. Techs. Corp.*, No. 2:25-CV-05959, 2025 WL 4035293, at *6 (C.D. Cal. Dec. 3, 2025).



King & Siegel LLP

King & Siegel LLP

### 5. The Text of the EFAA Requires a Liberal Pleading Standard

The EFAA gives the right to invoke its protection to a plaintiff "alleging conduct constituting a sexual harassment dispute or sexual assault dispute." 9 U.S.C. § 402(a). "Congress's choice of words is presumed to be deliberate." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 353 (2013). Thus, it is meaningful that Congress used the phrase "sexual *harassment dispute"* instead of sexual harassment claim. Congress explicitly did not require a plaintiff to allege facts constituting a sexual harassment claim—only conduct constituting a sexual harassment dispute. *Diaz-Roa*, 757 F. Supp. 3d at 534 ("From a textual perspective, the statutory language does not require the person seeking to avoid the effect of an otherwise applicable arbitration clause to plead a claim for sexual assault or sexual harassment much less require the courts to determine that such person pleaded a claim upon which relief can be granted.").

Congress also carefully defined the phrase "sexual harassment dispute" to "mean[ ] a dispute relating to conduct that is ***alleged*** to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4) (emphasis added). By contrast, a "sexual assault dispute" is defined as a dispute that "involv[es] a nonconsensual sexual act or sexual contact, as such terms are defined in section 2246 of title 18 or similar applicable Tribal or State law." *Id.* § 401(3). Congress could have used language parallel to sexual assault disputes. It did not. Congress added the words "is alleged to constitute." "The courts are instructed to give meaning to all of the words chosen by Congress and to avoid a reading that renders statutory language mere surplusage." *Diaz-Roa*, 757 F. Supp. 3d at 535. "The most natural way to give effect to the EFAA's language is if what is necessary is not conduct that constitutes sexual harassment but conduct that is alleged to constitute sexual harassment." *Id.*

### 6. The Statutory Scheme Requires a Liberal Pleading Standard

The *Diaz-Roa* Court highlighted that "[t]his interpretation is not only consistent with the text of the EFAA but also is supported by good sense and would avoid deleterious procedural ramifications." *Diaz-Roa*, 757 F. Supp. 3d at *537.* A motion to dismiss is designed to test whether the plaintiff's allegations, if proven, would entitle the plaintiff to relief. *Id.* Plaintiffs are given leave to amend and when a motion to dismiss is granted a plaintiff has the right to immediately appeal the decision.

King & Siegel LLP

This function is fundamentally different from a motion to compel arbitration, which relates solely to the forum that will make such merits determinations. *Id.* A party faced with a motion to compel arbitration does not have a right to amend its pleading and it does not have a right to appeal denial of a motion to compel arbitration based on insufficiently pleaded sexual harassment claims.

A motion to dismiss or demurrer "decided in the guise of a motion to compel arbitration reverses the customary order of procedure." *Diaz-Roa*, 757 F. Supp. 3d at *538*–39. The defendant who loses the motion to compel arbitration because the court has determined that the complaint states a claim for relief is accorded a right to interlocutory appeal that it would not have if the court reached the same conclusion in denying a motion to dismiss or demurrer. "By contrast, the decision that the complaint does not state a claim for relief would not be immediately appealable, simply because it is cloaked in the garb of a motion to compel arbitration." *Id.*

**B. The EFAA Applies to Plaintiff's Retaliation Claims**

The EFAA applies not only to claims of sexual harassment, but to any case that "relates to . . . [a] sexual harassment dispute." 9 U.S.C. § 402(a). "[R]etaliation resulting from a report of sexual harassment is 'relat[ed] to conduct that is alleged to constitute sexual harassment.'" *Olivieri v. Stifel, Nicolaus & Co.,* 112 F.4th 74, 92 (2d Cir. 2024). *See also Molchanoff v. SOLV Energy, LLC*, No. 23CV653-LL-DEB, 2024 WL 899384, at *3 (S.D. Cal. Mar. 1, 2024) (applying EFAA where plaintiff alleged retaliation for lodging a complaint of sexual assault); *Cliff v. FreedomRoads, LLC*, No. 3:25-CV-00296-CSD, 2026 WL 125625, at *2 (D. Nev. Jan. 16, 2026) (applying EFAA to "a retaliation claim *predicated upon the reporting of alleged sexual harassment*.").

Courts have repeatedly applied the EFAA to claims of retaliation for reporting sexual harassment, even where the person reporting the harassment is not themselves a victim. *See*, *e.g.*, *Lambert v. New Start Cap. LLC*, 799 F. Supp. 3d 258, 281 (S.D.N.Y. 2025) (finding that employee's claims for retaliation based on her reporting sexual harassment of a colleague "relates to conduct constituting sexual harassment and is therefore likewise covered by the EFAA."), *appeal withdrawn*, No. 25-2160, 2026 WL 654284 (2d Cir. Feb. 27, 2026); *Ramirez v. Domino's Pizza Supply Chain*, No. 24-CV-01731-SKC-STV, 2024 WL 5452684, at *4 (D. Colo. Nov. 8, 2024) ("The plain language of the EFAA renders it applicable to Plaintiff's [claim] . . . that Defendants retaliated against him

because he reported to Defendants the sexual harassment of his colleagues."), *report and recommendation adopted*, No. 24-CV-01731-SKC-STV, 2025 WL 414381 (D. Colo. Feb. 6, 2025); *Hicks v. CEC Ent. Holdings I, Inc.*, No. CV 24-1120-CFC, 2025 WL 1770787, at *3 (D. Del. June 26, 2025) ("In *Olivieri*, the plaintiff who reported the sexual harassment was also the alleged victim of the harassment, but nothing in the court's opinion (or the EFAA) suggests that the result should be different when the victim of retaliation is not the same person as the victim of sexual harassment."); *Cook v. Stanley G. Alexander, Inc.*, 349 Or. App. 73, 77 (2026) ("We conclude that the EFAA applies to retaliation claims brought, not only by victims, but also by reporters of workplace sexual harassment.").

The only case that Rhombus cites to the contrary, *Raupp v. Compass Grp. USA, Inc.*, addressed the limited circumstances where a plaintiff alleged that he was fired because of a sexual harassment allegation ***against him***. *Raupp*, No. 24-10565, 2024 WL 4948838, at *2 (E.D. Mich. Dec. 3, 2024) ("To the extent Plaintiff argues that he may elect to invalidate the arbitration agreement because of the sexual harassment accusation against *him*, the Court disagrees."). *Raupp* is not applicable here, where Mr. Woodall raised complaints about sexual harassment of his subordinate.

**C. The Court Must Reject Defendant's Extrinsic Evidence**

Regardless of what pleading standard applies to invoke the EFAA, the law is clear that the court must rule on the sufficiency of the pleadings. *Ding,* 187 F.4th at 1239 (internal quotation marks omitted) ("In evaluating whether a claim is plausibly pled, we accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff."). There is no authority for Defendant's effort to inject material outside of the pleadings in connection with their motion to compel arbitration. Allowing Defendant to effectively seek summary judgment on a Plaintiff's claims of harassment or retaliation without submitting to discovery runs contrary to the plain language of the EFAA, which applies "at the election of the person ***alleging*** conduct constituting a sexual harassment dispute or sexual assault dispute . . . ." 9 U.S.C. § 402(a).

**D. The Complaint Is Sufficient to Invoke the EFAA**

Regardless of which pleading standard applies, Mr. Woodall's Complaint meets it. As set out in Section II.A, Mr. Woodall repeatedly reported to Rhombus leadership that his subordinate, Ms.

King & Siegel LLP

Khan, had been sexually harassed during a business trip to Ukraine, and he later complained in writing about derogatory gossip about her relating to those events. Compl. ¶¶ 82–86.

Rhombus argues that Mr. Woodall cannot have held a reasonable belief that Ms. Khan was sexually harassed because his knowledge of the harassing conduct came second-hand from Ms. Khan and the harassers were not employees of Rhombus. Rhombus also seeks to inject outside evidence to claim that Ms. Khan declined to participate in Rhombus' investigation and that Mr. Woodall's October 20 email addressed "workplace gossip" relating to Ms. Khan and Ukraine. But none of this is sufficient to call Mr. Woodall's good faith belief into question, much less at the pleading stage.

As an initial matter, courts have repeatedly held that questions about whether an employee had a good faith belief that they were reporting illegal conduct are credibility questions not appropriate for summary judgment, much less what is functionally a motion to dismiss. *See*, *e.g.*, *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1180 (C.D. Cal. 2013) (internal quotation marks omitted) ("Generally, whether a plaintiff's harassment complaint was reasonable, in good faith and sincere is a credibility question that cannot be resolved by summary judgment."). "The reasonableness of [a plaintiff's] belief that an unlawful employment practice occurred must be assessed according to an objective standard—one that makes due allowance, moreover, for the limited knowledge possessed by most Title VII plaintiffs about the factual and legal bases of their claims." *Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir. 1994). Thus, "[i]t is well established that a retaliation claim may be brought by an employee who has complained of or opposed conduct that the employee reasonably believes to be discriminatory, even when a court later determines the conduct was not actually prohibited by the FEHA." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1043 (2005). *See also Doe v. City & Cnty. of San Francisco*, 835 F. Supp. 2d 762, 772 (N.D. Cal. 2011) ("An employer may not retaliate against an employee who opposed discrimination against a fellow employee, even if that employee was mistaken and there was no discrimination, so long as the mistake was sincere and reasonable.").

There is no support for Rhombus' claim that a sexual harassment reporter cannot base a reasonable belief on second-hand information and that the fact that the company failed to corroborate the harassment means that a report was not reasonable. To the contrary, numerous courts have




King & Siegel LLP

explicitly rejected this argument. *Flait* v. North American Watch Corp. is directly on point. There, the plaintiff's subordinate relayed several harassing remarks made by a company Vice President. *Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467, 472 (1992). Subsequently during litigation, the subordinate said that she did not find the comments harassing. *Id.* at 473. The *Flait* Court noted that under the California Fair Employment and Housing Act ("FEHA") "the fundamental question . . . is the reasonableness of [plaintiff's] belief that he was opposing unlawful harassment." *Id.* at 477. As the Court held, the plaintiff could "prevail even if the harassment was not sufficiently severe or pervasive that it altered Berger's work environment, and even if Berger had some unarticulated belief that she had not been harassed." *Id.* The Court also noted that California law requires a supervisor such as Mr. Woodall here to take immediate and appropriate corrective action when he becomes aware of harassment. *Id.* Accordingly, the *Flait* Court held that "[w]hether Flait's belief that Berger was being harassed was reasonable, in good faith and sincere, as he claims it was, is a credibility question that cannot be resolved by summary judgment." *Id.* Similarly, in *Ferrell v. Harris Ventures, Inc.*, the court noted that "[f]or the opposition clause to have any meaning in cases involving illicit sexual conduct, it must necessarily allow reports based on hearsay . . . . [B]ased on what Ferrell claims to have heard, he had ample justification to report the harassment to Staff Zone. That he heard it from others, rather than observing it himself, is of no moment." 812 F. Supp. 2d 741, 745–46 (E.D. Va. 2011).

The Ninth Circuit explicitly rejected Rhombus' argument that a reporter of sexual harassment cannot have a reasonable belief if the harasser was a non-employee in *Trent v. Valley Electric Ass'n, Inc.*, 41 F.3d 524, 527 (9th Cir. 1994). There, the court found that an employee who reported harassment by a contractor at an offsite safety lecture had a reasonable belief that the conduct was illegal. *Id.* ("After all, Trent was obligated to attend the safety lecture to learn about an essential aspect of her job. She certainly would be justified in believing that Title VII would protect her from the offensive remarks she endured while attending the meeting."). Rhombus' motion also ignores California law, which provides that "[a]n employer is liable for harassment by a nonsupervisory employee, ***as well as by a non employee***, if the employer knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective actions." *Dickson v. Burke Williams,*



King & Siegel LLP

*Inc.*, 234 Cal. App. 4th 1307, 1313 (2015) (emphasis added). When Mr. Woodall spoke about these issues with Dr. Cowan, she admitted that she was aware that Ukrainians had been making comments. Compl. ¶ 84. But the company did not take corrective actions. Thus, even if Mr. Woodall had been versed in the intricacies of employer liability for third-party conduct there is ample evidence to support his reasonable belief that Ms. Khan had suffered harassment.

Finally, Rhombus' characterization of Mr. Woodall's October 20 complaint as relating to "workplace gossip" rather than harassment is irrelevant and incorrect. As an initial matter, regardless of the content of Mr. Woodall's October 20 email, the Complaint is clear that Mr. Woodall repeatedly complained about sexual harassment of Ms. Khan throughout September 2025. Moreover, in the context of those complaints the "workplace gossip" discussed in Mr. Woodall's October 20 email is gossip relating to the harassment that Ms. Khan experienced in Ukraine. It is reasonable to believe that subjecting a victim of harassment to further harassment in the form of gossip about the incident itself creates a hostile work environment.

**E. The EFAA Allows Plaintiff's Entire Case to Proceed in Court**

The law is also clear that where the EFAA applies, a plaintiff can bring his entire case in court. *See, e.g.*, *Ding*, 187 F.4th at 1241 (citation omitted) ("Because the EFAA invalidates an arbitration agreement 'with respect to a case'—rather than a claim—that 'relates to' a sexual harassment dispute, Dr. Ding is entitled to bring her entire case in court."); *Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 383 (6th Cir. 2026); *Diaz-Roa v. Hermes Law, P.C.*, No. 24-3223-cv, 2026 WL 2931801, at *6 (2d Cir. Sept. 30, 2026).

## IV. CONCLUSION

For the foregoing reasons, the EFAA renders the arbitration agreement unenforceable as to this case. Plaintiff respectfully requests that the Court deny Defendant's Motion to Compel Arbitration in its entirety.

Dated: October 22, 2026

Respectfully submitted,
**KING & SIEGEL LLP**

By: *Robert J. King*
Robert J. King
Attorney for Plaintiff
Douglas R. Woodall