GAURAV BOBBY KALRA, Bar No. 219483
bkalra@grsm.com
LINDSAY M. VICK (*Admitted Pro Hac Vice)*
lvick@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California 95825
Telephone: (279) 274-4582
Facsimile: (916) 920-4402

Attorneys for Defendant
RHOMBUS POWER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Douglas R. Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Rhombus Power, Inc., a Delaware Corporation; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 26-cv-07387-EKL<br><br>**DEFENDANT RHOMBUS POWER, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY ACTION**<br><br>Date:January 27, 2027<br>Time: 10:00 a.m.<br>Judge: Eumi K. Lee<br>Courtroom 7 - 4th Floor<br>280 S. 1st First St., San Jose, CA 95113<br><br>Complaint Filed: July 16, 2026 |

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (the "EFAA") is a narrow exception to the Federal Arbitration Act's ("FAA") strong policy favoring arbitration. Douglas R. Woodall asks this Court to stretch that exception to cover a case that, at its core, alleges whistleblower and wrongful-termination claims. Woodall invokes secondhand allegations of discomfort experienced by a different employee, at the hands of non-employees, half a world away. The EFAA does not reach that far.

Two questions control. First, what must a plaintiff allege to invoke the EFAA? The overwhelming majority of courts to decide the question—including a court of this very District—hold that a plaintiff must plausibly plead a claim of sexual harassment under applicable law, measured by the familiar Rule 12(b)(6) standard. *See Van De Hey v. EPAM Sys. Inc.*, No. 24-CV-08800-RFL, 2025 WL 829604, at *3 (N.D. Cal. Feb. 28, 2025). Woodall urges the Court to adopt the "nonfrivolous" test drawn from a district-court decision that no court of appeals has adopted and that courts in its own district have rejected. *See Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024), *aff'd*, No. 24-3223-cv, 2026 WL 2931801 (2d Cir. Sept. 30, 2026) (circuit court declining to resolve the split in authority). The Court should follow the majority.

Second, do Woodall's allegations clear the plausibility hurdle? They do not under any standard. The conduct Woodall describes was reported to him secondhand by his subordinate; the alleged actors were foreign military and client personnel, not Rhombus employees; and the subordinate herself refused to participate in Rhombus's investigation; and that investigation could not verify sexual harassment. Those allegations do not state a plausible claim of sexual harassment under California law. Thus, the EFAA does not apply, the parties' agreement remains fully enforceable, and the Court should be compel arbitration and stay the case.

## II. ARGUMENT

### A. The Court Decides Whether the EFAA Applies

The parties agree that this Court decides the EFAA question. *See* Pl.'s Opp. 3; 9 U.S.C. § 402(b). The only question is the standard the Court applies and whether Woodall meets it.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

**B. The Court Should Apply the Majority Rule That the EFAA Reaches Only Plausibly Pled Sexual Harassment Claims**

**1. The statutory text incorporates the plausibility standard**

The EFAA applies only to a "sexual harassment dispute," which it defines as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401. As a foundational decision on this issue explained, the phrase "alleged to constitute sexual harassment under applicable . . . law" is "best read to implicitly incorporate the plausibility standard" that governs Rule 12(b)(6). *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023). Congress legislated against the settled backdrop of *Twombly* and *Iqbal* knowing that only plausibly pled allegations can proceed past the pleading stage. *Id.* at 585-86. Reading the EFAA to void arbitration agreements based on implausible claims would let plaintiffs evade arbitration simply by appending "facially unsustainable" harassment labels to unrelated disputes. *Id.* at 586. A court of this District adopted precisely that reasoning in *Van De Hey* holding that "the Rule 12(b)(6) pleading standard applies" to the EFAA inquiry. 2025 WL 829604, at *3.

**2. Plausibility is the prevailing view nationwide**

Courts have consistently employed a plausibility standard in deciding whether a plaintiff has alleged conduct constituting sexual harassment under the EFAA. *See Owens v. PriceWaterHouseCoopers LLC*, 786 F. Supp. 3d 831, 842 (S.D.N.Y. 2025). The Southern District of New York has applied it repeatedly. *See Yost*, 657 F. Supp. 3d at 585; *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 551 (S.D.N.Y. 2023); *Delo v. Paul Taylor Dance Found., Inc.*, 685 F. Supp. 3d 173, 185 (S.D.N.Y. 2023); *Singh v. Meetup LLC*, 750 F. Supp. 3d 250, 253 (S.D.N.Y. 2024); *Mitura v. Finco Servs., Inc.*, 712 F. Supp. 3d 442, 451-52 (S.D.N.Y. 2024). So has the District of Connecticut, which surveyed the field, expressly declined to follow *Diaz-Roa*, and held that a plaintiff must "plausibly allege conduct related to a sexual harassment dispute" to defeat arbitration. *Smith v. Boehringer Ingelheim Pharms., LLC*, No. 3:24-CV-01266 (KAD), 2025 WL 2403042, *5-6 (D. Conn. Aug. 19, 2025); *Clay v. FGO Logistics, Inc.*, 751 F. Supp. 3d 3, 20 (D. Conn. 2024). Courts in the Southern District of Florida, and the Eastern Districts of Virginia and North Carolina agree. *See Usai v. Club Mgmt. Miami II, LLC*, 801 F. Supp. 3d 1295, 1309–10 (S.D.

Fla. 2025); *Garcia v. ECPI Univ. LLC*, 814 F. Supp. 3d 639, 646–47 (E.D. Va. 2026); *Mangum v. Ross Dress for Less, Inc.*, 777 F. Supp. 3d 519, 529 (E.D.N.C. 2025). Even courts confronting the nonfrivolous argument head-on have declined it, requiring plaintiffs to actually allege facts constituting sexual harassment. *See Smith v. Meta Platforms, Inc.*, No. 24 CIV. 4633 (JPC), 2025 WL 2782484, *9-11 (S.D.N.Y. Sept. 30, 2025). Most significant here, *Van De Hey* places this District squarely within the majority. *See* 2025 WL 829604, at *3-4.

**3. Woodall's "nonfrivolous" standard is a minority view that no appellate court has endorsed**

Woodall's contrary standard rests almost entirely on a single district-court decision, *Diaz-Roa*, which "part[ed] from the holding of" the majority line stemming from *Yost* to hold that a plaintiff "need only plead nonfrivolous claims," borrowing the "wholly insubstantial and frivolous" threshold that governs federal subject-matter jurisdiction under *Bell v. Hood*. *Diaz-Roa*, 757 F. Supp. 3d at 533, 542. That reasoning has been rejected by courts that considered it directly, *see Boehringer*, 2025 WL 2403042, at *5-6; *Meta Platforms*, 2025 WL 2782484, at *9, and it imports a jurisdictional screen ill-suited to deciding whether a case belongs in arbitration.

Critically, no court of appeals has adopted the nonfrivolous standard. Woodall leans on the Second Circuit's affirmance in *Diaz-Roa*, but that court expressly declined to resolve the plausibility-versus-nonfrivolous split, deciding only a separate "entire case" scope question. 2026 WL 2931801, at *3 n.3. The Ninth Circuit in *Ding v. Structure Therapeutics, Inc., NASDAQ* did not adopt the nonfrivolous test either; it assumed without deciding that the EFAA "requires a plaintiff to 'plausibly plead' a sexual harassment claim." 187 F.4th 1231, 1239 (9th Cir. 2026). Woodall's suggestion that circuit authority favors a lenient standard is therefore mistaken.

**4. Woodall's district-court string cite is derivative and proves little**

The California district-court decisions Woodall marshals do not change the picture. Pl.'s Opp. 4 n.1. Each simply follows *Diaz-Roa* and rises or falls with it. *Gill v. US Data Mgmt., LLC*, No. 2:24-CV-05255-MCS-MAR, 2024 WL 5402494, at *3 (C.D. Cal. Dec. 2, 2024); *Solis v. Prime Comms Retail, LLC*, No. 5:24-CV-02389-AH-(SHKX), 2025 WL 1255143, at *2-3 (C.D. Cal. Apr. 7, 2025); *Anderson v. Louis Vuitton N. Am., Inc.*, No. CV 25-2878-JFW(MBKX), 2025 WL

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

1591800, at *4-5 (C.D. Cal. June 5, 2025). Several turned on the procedural happenstance that the defendant had not filed a motion to dismiss and raised the pleading standard only on reply—circumstances absent here, where the standard is squarely presented. *See Gill*, 2024 WL 5402494, at *3; *Anderson*, 2025 WL 1591800, at *5. And tellingly, several courts that recited the nonfrivolous standard still compelled arbitration, because the plaintiff's allegations failed even that lenient test. *Woodruff-Drouault v. Securitas Sec. Servs. USA Inc.*, No. EDCV 25-529 JGB (SPX), 2025 WL 4683972, at *4 (C.D. Cal. Dec. 3, 2025); *Atiba v. Thirty Madison Inc.*, No. EDCV 25-2549 JGB (DTBX), 2026 WL 2001225, at *4 (C.D. Cal. Feb. 20, 2026). One did so while applying plausibility language in all but name. *Mackay v. PetSmart, Inc.*, No. EDCV 25-1626 JGB (DTBX), 2025 WL 3482620, at *5 (C.D. Cal. Dec. 2, 2025) ("Defendant argues that Plaintiff fails to 'plausibly allege[ ] a sexual harassment claim . . . The Court agrees."). The nonfrivolous label, in other words, does not dictate the outcome. Woodall's reliance on *Turner v. Tesla, Inc.* is also misplaced because that decision did not resolve the pleading standard at all, addressing only whether particular claims were "substantially related" to harassment. 686 F. Supp. 3d 917, 927 (N.D. Cal. 2023).

**5. Applying the plausibility standard is faithful to the statutory scheme and works no prejudice**

Reading the EFAA to carve claims out of arbitration only when a plausible harassment claim is pled honors both the FAA's "liberal federal policy favoring arbitration" and the EFAA's purpose of giving genuine harassment claimants a judicial forum. *Yost*, 657 F. Supp. 3d at 586 (internal quotation marks omitted). The lenient alternative would destabilize that balance by inviting "facially unsustainable" claims as a device to escape binding arbitration. *Id.* Nor is the plausibility standard unfair to plaintiffs: a claimant with a real harassment claim ordinarily possesses the facts to plead it, the court may consider summary-judgment-style evidence the plaintiff submits, and a plaintiff compelled to arbitrate may move to lift the stay if new facts later emerge. *Van De Hey*, 2025 WL 829604, at *3. Woodall's objection to the Court's consideration of materials beyond the complaint is misplaced for the same reason, Pl.'s Opp. 7: where a court looks past the pleadings on an arbitrability question, it applies a summary-judgment standard, and may

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

permit arbitration-related discovery—not a one-sided rule that bars the defendant from testing the allegations. *See Cornelius v. CVS Pharmacy Inc.*, 133 F.4th 240, 244–251 (3d Cir. 2025).

**C. Under Any Standard, Woodall Alleges No "Sexual Harassment Dispute"**

The Court need not resolve the standards debate to grant this motion because Woodall's allegations fail under either test. To invoke the EFAA, Woodall must allege conduct that constitutes sexual harassment "under applicable . . . State law"—here, the California Fair Employment and Housing Act ("FEHA"). 9 U.S.C. § 401; *see also Van De Hey*, 2025 WL 829604, at *3 (denying invocation of the EFAA for failure to plausibly plead sexual harassment under the FEHA). Woodall's allegations do not come close. He was not the target of any alleged harassment; his subordinate, Noreeza Khan, was. Pl's. Opp. 6. He learned of the conduct only secondhand, after the fact. *Id.* The alleged actors were Ukrainian military and client personnel—not Rhombus employees. *Id.* And Rhombus's investigation, which Khan herself refused to join, could not substantiate the claim. Allegations this thin and this attenuated do not plausibly make out a severe-or-pervasive hostile-environment claim under the FEHA, nor do they clear the nonfrivolous bar.

Woodall's remaining arguments do not salvage his position. His retaliation-scope authorities—holding that a report of sexual harassment can bring a retaliation claim within the EFAA—all presuppose a qualifying sexual harassment dispute in the first place. *See* Pl.'s Opp. 6. Where, as here, the underlying conduct does not constitute sexual harassment under applicable law, there is no dispute to which the retaliation claim can relate. Likewise, Woodall's "reasonable belief" and credibility cases address the merits of a FEHA retaliation claim at summary judgment; they do not define what it takes to allege a "sexual harassment dispute" that triggers the EFAA. Pl.'s Opp. 8. Finally, Woodall's "entire case" argument is beside the point: the rule that the EFAA, when it applies, exempts an entire case confirms only the stakes of the inquiry—it does not lower the threshold for triggering the statute. Pl.'s Opp. 10. Because no qualifying sexual harassment dispute is alleged, the arbitration agreement is enforceable as to all of Woodall's claims, each of which arises out of his employment and falls within the agreement's broad scope.

**III. CONCLUSION**

Accordingly, Rhombus Power asks the Court to compel arbitration and stay this action.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

Dated: October 29, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________

GAURAV BOBBY KALRA
LINDSAY M. VICK
Attorneys for Defendant
RHOMBUS POWER, INC.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111