GAURAV BOBBY KALRA, Bar No. 219483
bkalra@grsm.com
LINDSAY M. VICK (*Admitted Pro Hac Vice)*
lvick@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California 95825
Telephone: (279) 274-4582
Facsimile: (916) 920-4402

Attorneys for Defendant
RHOMBUS POWER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Douglas R. Woodall, an individual,

Plaintiff,

v.

Rhombus Power, Inc., a Delaware Corporation; and Does 1-10, inclusive,

Defendants.

Case No. 26-cv-07387-EKL

**DEFENDANT RHOMBUS POWER, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE THE CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES**

Complaint Filed: July 16, 2026

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Pursuant to Civil Local Rules 7-11, 6-1, 6-3, and 16-2(d), and Federal Rule of Civil Procedure 16(b)(4), Defendant Rhombus Power, Inc. ("Rhombus Power") respectfully moves for an order continuing the following case-management deadlines until after the Court rules on Rhombus Power's pending Motion to Compel Arbitration, ECF Nos. 18-20, which is fully briefed and set for hearing on January 27, 2027:

1. the November 18, 2026 Initial Case Management Conference ("CMC"); and

2. the November 4, 2026 deadline for the parties' Joint Case Management Statement ("CMS"); and

3. all related case-management and discovery-planning deadlines set by the Order Setting Initial Case Management Conference.

Rhombus Power proposes that these dates be reset to track this Court's Standing Order, which contemplates moving the initial CMC to twenty-one (21) days after the hearing on a motion that may be dispositive of the entire case.

Rhombus Power recognizes that the Standing Order requires that a request to continue a deadline be filed no later than three court days before the deadline to be extended. For the November 18 CMC, this motion is timely. As to the November 4 CMS deadline, there is no longer sufficient time to obtain that relief in the ordinary course: the three-court-day deadline to request a continuance of the November 4 statement fell on October 30, 2026, and the parties did not reach impasse on Rhombus Power's stipulation request until the Court's three-court-day window had effectively closed. Rhombus Power therefore respectfully requests that the Court exercise its inherent authority and its authority under Civil Local Rule 16-2(d) to continue the November 4 CMS deadline on its own motion, so that the statement is instead due fourteen days before the continued CMC.

This is Rhombus Power's first request to continue the CMC and related deadlines. No prior continuance of these deadlines has been requested or granted, and the Court has not stated that no further extensions will be granted.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

## II. BACKGROUND

Plaintiff Douglas R. Woodall filed this employment action asserting claims for reprisal under the Defense Contractor Whistleblower Protection Act (10 U.S.C. § 4701), retaliation and failure to prevent retaliation under the California Fair Employment and Housing Act, whistleblower retaliation under California Labor Code § 1102.5, and wrongful termination in violation of public policy.

Rhombus Power has moved to compel arbitration of all of Plaintiff's claims pursuant to the arbitration agreement in Plaintiff's offer letter. *See* ECF No. 18-1, Ex. 1, Offer Letter from Rhombus Power to Woodall. That motion is fully briefed and set for hearing on January 27, 2027. ECF No. 20, Def.'s Reply in Support of Mot. To Compel Arbitration. If granted, the motion will send this matter to arbitration and will stay or dismiss this action.

As of October 14, 2026, the parties have exchanged the initial disclosures required by General Order No. 71, which supersede the disclosures otherwise required by Federal Rule of Civil Procedure 26(a)(1) and are used to prepare the Rule 26(f) discovery plan.

On October 27, 2026, Rhombus Power and Plaintiff met and conferred through counsel regarding a stipulation to continue the Rule 26(f) conference, the November 4 CMS deadline, and the November 18 CMC pending the Court's ruling on the arbitration motion. Plaintiff declined to stipulate. The parties were unable to resolve the matter despite their meet-and-confer efforts. Rhombus Power therefore brings this motion. Because no stipulation could be obtained, this motion is supported by the accompanying Declaration of Lindsay M. Vick, as required by Civil L.R. 7-11(a).

## III. GOOD CAUSE SUPPORTS A SHORT CONTINUANCE

A case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists here.

A short continuance will conserve the resources of the parties and the Court. Rhombus Power's fully briefed motion to compel arbitration may dispose of this entire action in this forum. Requiring the parties to prepare a joint CMS, propose a full litigation schedule, hold the initial

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

CMC, and complete their Rule 26(f) discovery planning before the Court rules would require both sides and the Court to expend time and resources on activity the January 27 ruling may moot.

District courts have broad discretion to defer such proceedings. The Supreme Court has recognized that district courts have "discretion to defer discovery or other proceedings pending the prompt conclusion of arbitration." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). Courts in this District routinely exercise that discretion, granting "a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration." *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (internal quotation marks omitted). The reason is straightforward: if the Court compels arbitration, "responsibility for the conduct of discovery lies with the arbitrators," and if it does not, the opposing party "will suffer no prejudice from a temporary stay." *Id.* (internal quotation marks omitted).

The requested continuance is modest and will not prejudice Plaintiff. Rhombus Power seeks only to defer case-management activity until after the January 27, 2027 hearing, consistent with the Standing Order's contemplation that the initial CMC may be moved to twenty-one days after the hearing on a potentially dispositive motion. The parties have already exchanged their General Order 71 initial disclosures, so no party will lose the benefit of early disclosure. The continuance preserves the status quo and imposes no hardship beyond a brief delay.

Rhombus Power does not waive its right to arbitrate and, instead, expressly reserves it. Its production of initial disclosures and any participation in case-management proceedings is without prejudice to, and does not waive, its pending motion to compel arbitration or its right to have these claims resolved in arbitration.

## IV. THE NOVEMBER 4 CASE MANAGEMENT STATEMENT DEADLINE

A court order is required to change a deadline fixed by the Order Setting Initial Case Management Conference, and any request affecting a proceeding on the Court's calendar ordinarily must be filed no later than fourteen days before the scheduled event. Civil L.R. 6-1(b). A party may seek relief from an obligation imposed by that Order by motion under Civil L.R. 7, accompanied by a proposed revised case management schedule. Civil L.R. 16-2(d). A motion to change time

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

must be supported by a declaration that discloses any prior time modifications and describes the effect of the requested change on the schedule. Civil L.R. 6-3(a). The accompanying declaration and the proposed order below satisfy these requirements.

As noted above, the November 4 CMS deadline cannot be continued in the ordinary course because the Standing Order's three-court-day deadline to request that relief has passed. The joint statement is, however, keyed to the CMC: this Court's Standing Order requires the parties to file the joint statement fourteen days before the conference. Continuing the CMC without also continuing the statement deadline would require the parties to prepare and file the very statement this motion seeks to defer. Rhombus Power therefore respectfully requests that, in continuing the CMC, the Court continue the November 4 CMS deadline on its own motion so that the joint statement is due fourteen days before the continued conference. This relief is within the Court's authority under Civil L.R. 16-2(d) and its inherent power to manage its docket. *Air Line Pilots Ass'n*, 523 U.S. at 879 n.6. Finally, under Civil L.R. 7-11(c), a motion for administrative relief is deemed submitted for determination without hearing on the day after any opposition is due. Rhombus Power does not request a hearing.

## V. CONCLUSION

Rhombus Power respectfully requests that the Court: (1) continue the November 18, 2026 CMC to a date on or after February 17, 2027; (2) continue, on its own motion, the November 4, 2026 CMS deadline so that the statement is due fourteen days before the continued conference; and (3) continue all related case-management and discovery-planning deadlines accordingly, as set forth in the accompanying proposed order.

Dated: November 3, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: [signature]

GAURAV BOBBY KALRA
LINDSAY M. VICK
Attorneys for Defendant
RHOMBUS POWER, INC.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111