GAURAV BOBBY KALRA, Bar No. 219483
bkalra@grsm.com
LINDSAY M. VICK (*Admitted Pro Hac Vice)*
lvick@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California 95825
Telephone: (279) 274-4582
Facsimile: (916) 920-4402

Attorneys for Defendant
RHOMBUS POWER, INC.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Douglas R. Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Rhombus Power, Inc., a Delaware Corporation; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 26-cv-07387-EKL<br><br>**DECLARATION OF LINDSAY M. VICK IN SUPPORT OF DEFENDANT RHOMBUS POWER, INC.'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Complaint Filed: July 16, 2026 |

I, Lindsay M. Vick, declare as follows:

1. I am a partner at Gordon Rees Scully Mansukhani, LLP, counsel of record for Defendant Rhombus Power, Inc. ("Rhombus Power"). I make this declaration in support of Rhombus Power's Motion for Administrative Relief to Continue the Case Management Conference and Related Deadlines. I have personal knowledge of the facts stated here and, if called as a witness, could and would testify competently to them.

2. *Why a stipulation could not be obtained (Civil L.R. 7-11(a))*. On October 26, 2026, I asked Plaintiff's counsel via email to stipulate to continue the Rule 26(f) conference, continue the November 4, 2026 Joint Case Management Statement ("CMS") deadline, and the November 18, 2026 Initial Case Management Conference ("CMC") until after the Court rules on Rhombus

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111

Power's motion to compel arbitration. Plaintiff's counsel declined to stipulate and stated Plaintiff's position that the case should proceed. I met and conferred with Plaintiff's counsel via videoconference on October 27, 2026, regarding Defendant's anticipated motion to continue the November 4, 2026 CMS deadline, and the November 18, 2026 CMC until after the Court rules on Rhombus Power's motion to compel arbitration. We also conducted our Rule 26(f) conference in a good faith effort to comply with the impending deadline to meet and confer in advance of the CMS filing deadline. The parties were unable to resolve the matter despite their meet-and-confer efforts, and no stipulation could be obtained.

3. *Prior time modifications (Civil L.R. 6-3(a)(5))*. This is the first request to continue the CMC and the related case-management deadlines. No such continuance has previously been requested or granted, and the Court has not stated that no further extensions will be granted.

4. *Effect on the schedule (Civil L.R. 6-3(a)(6))*. Rhombus Power's motion to compel arbitration is fully briefed and set for hearing on January 27, 2027. The continuance would reset the initial CMC to a date on or after February 17, 2027—approximately twenty-one days after that hearing—and would reset the joint CMS deadline and the related case-management and discovery-planning deadlines to track the continued conference. The requested modification would not affect any trial date or other deadline, because no such dates have yet been set.

5. *Substantial harm or prejudice if the continuance is not granted (Civil L.R. 6-3(a)(3))*. Absent a continuance, Rhombus Power and the parties will be required to incur the time and expense of preparing and filing a joint CMS, proposing a full litigation schedule, developing a Rule 26(f) discovery plan, and preparing for and attending the initial CMC—all before the Court determines whether this action belongs in arbitration. If the Court grants Rhombus Power's pending motion to compel arbitration, that work will have been wasted: the action will be stayed or dismissed, responsibility for the conduct of discovery will pass to the arbitrator, and the discovery available in arbitration is significantly more limited than under the Federal Rules. Requiring the parties and the Court to expend those resources now, on activity the January 27, 2027 ruling may render unnecessary, is the substantial harm that a short continuance would avoid. By contrast, if the motion is denied, Plaintiff will suffer no prejudice from a brief deferral, because the CMS can

be reset at that time.

6. *Reason for the request and timing*. A short continuance would conserve the parties' and the Court's resources by deferring case-management and discovery-planning activity that the Court's ruling on the arbitration motion may moot. The parties exchanged their General Order 71 initial disclosures on October 14, 2026. Rhombus Power could not request a continuance of the November 4, 2026 statement deadline three court days in advance, as the Standing Order requires, because that window had effectively closed by the time the parties reached an impasse on Rhombus Power's stipulation request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of November, 2026 in Atlanta, Georgia.

By *Lindsay Vick*
Lindsay M. Vick

Attorney for Defendant
RHOMBUS POWER, INC.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Ave., Floor 17
San Francisco, CA 94111