Robert J. King (Bar No. 302545)
robert@kingsiegel.com
**KING & SIEGEL LLP**
601 University Avenue, Suite 275
Sacramento, CA 95825
tel: (213) 465-4802
fax: (213) 465-4803

Attorneys for Plaintiff
Douglas R. Woodall

King & Siegel LLP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Douglas R. Woodall**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Rhombus Power, Inc.**, a Delaware corporation; and **Does 1-10**, inclusive,<br><br>Defendant. | CASE NO.: 5:26-cv-07387-EKL<br><br>[Assigned to Hon. Eumi K. Lee]<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Action Filed: July 16, 2026<br>Trial Date: None Set |

The Parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. <u>Jurisdiction and Service</u>**

On July 16, 2026, Plaintiff Douglas R. Woodall filed a civil complaint against Defendant Rhombus Power, Inc. in United States District Court for the Northern District. Plaintiff's Complaint alleges five causes of action for (1) Reprisal in Violation of the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 4701 9DFARS Subpart 203.9); (2) Retaliation in Violation of the FEHA (Cal. Gov. Code § 12940(h)); (3) Whistleblower Retaliation in Violation of California Labor Code § 1102.5; (4) Failure to Prevent Retaliation in Violation of FEHA (Cal. Gov. Code § 12940(k)); and (5) Wrongful Termination in Violation of Public Policy. Defendant was personally served with the Complaint on July 23, 2026. Defendant filed an answer to Plaintiff's Complaint on September 2, 2026. On October 8, 2026, Defendant filed a Motion to Compel Arbitration and to Stay Action, scheduled for January 27, 2027. All briefing has been submitted before the pending hearing date. On November 3, 2026, Defendant filed an opposed Motion for Administrative Relief to Continue the Case Management Conference and Related Deadlines.

**2. <u>Facts</u>**

**Plaintiff's Position:**

This is a case about a decorated Army intelligence officer who was punished for insisting that a defense contractor obey the laws that safeguard the nation's most sensitive secrets. Colonel Douglas Woodall (Ret.) served in the United States Army for more than thirty years in roles that required him to work with and safeguard the nation's secrets. He is an expert in the handling of classified information and takes his obligations to secure classified information and report potential violations of security procedures seriously.



King & Siegel LLP

When Col. Woodall retired, he joined Rhombus Power—a defense contractor that provides AI services to the Armed Forces of the United States and allied governments. Although Col. Woodall excelled at his job, he soon discovered that Rhombus Power did not share his fidelity to the rules governing the use of classified information.

Instead, Rhombus Power sought to leverage its access to information classified at the highest levels, including Sensitive Compartmented Information ("SCI") to falsely inflate the capabilities of its non-classified products to secure new contracts and retain contracts that it had already entered. Many of these products and intelligence insights were being presented to foreign governments or were available to Rhombus Power personnel who were themselves un-cleared foreign nationals.

When Col. Woodall discovered that Rhombus Power personnel were accessing SCI information outside of any need to perform its contracted services to the United States he immediately raised concerns and demanded that Rhombus Power do the right thing; report the violations itself. Woodall also reported that one of his subordinates had experienced sexual harassment while travelling for Rhombus Power and that she had experienced retaliation when returning to the company.

Instead, Rhombus Power initiated a campaign of retaliation. Rhombus Power CEO Anshu Roy personally directed that Col. Woodall be removed from briefings because he was no longer in the "circle of trust," and turned the company's investigative machinery on Col. Woodall himself rather than on the violations he had identified. Rhombus Power even weaponized the federal security-clearance system against him, filing a report with the Defense Counterintelligence and Security Agency that falsely painted this decorated intelligence officer as mentally unstable—less than a day after its own General Counsel promised him in writing that he would not be retaliated against.

When Woodall continued to escalate concerns about Rhombus Power's misuse

King & Siegel LLP

of classified information and threatened to report the issues to the government himself, the company placed him on “administrative leave” and confiscated his laptop just two weeks after his October 20, 2025, complaint. Several weeks later Rhombus Power terminated Col. Woodall as part of a fake reorganization. The company promptly rehired many of the other employees that were “laid off” to give the company cover when it fired Col. Woodall.

**Defendants’ Position:**

Rhombus Power, Inc. (“Rhombus Power”) is a defense-technology company that develops software and technology products for the national security and defense sectors. Plaintiff Douglas R. Woodall was employed by Rhombus Power from July 31, 2023 until November 18, 2025, most recently as Vice President of Warfighting. Rhombus Power denies that it misused classified information, denies that it retaliated against Mr. Woodall in any respect, and denies the material allegations of the Complaint.

Beginning in approximately September 2025, Mr. Woodall raised a series of allegations suggesting that Rhombus Power personnel may have improperly accessed or used classified information, including Sensitive Compartmented Information. Rhombus Power took those allegations seriously. It promptly retained the law firm Pillsbury Winthrop Shaw Pittman LLP to conduct an independent internal investigation, which included a review of email correspondence, contract and program files, and other internal records, as well as seventeen witness interviews. The investigation did not substantiate any of Mr. Woodall’s allegations and identified no loss, compromise, or suspected compromise of classified information. To the contrary, the evidence reflected Rhombus Power’s adherence to applicable security requirements, including 32 C.F.R. Part 117. Consistent with its obligations as a cleared government contractor, Rhombus Power made timely notifications regarding the allegations to the Defense Counterintelligence and Security Agency (“DCSA”),

the Air Force District of Washington Special Security Officer, the DCSA Office of Inspector General, the Office of the Intelligence Community Inspector General, and the Federal Bureau of Investigation.

The employment actions of which Mr. Woodall complains were taken for legitimate, non-retaliatory business reasons wholly unrelated to any purported protected activity. During the pendency of the investigation, Mr. Woodall engaged in increasingly aggressive conduct, including a demand for a salary increase of between $120,000 and $150,000 within twenty-four hours, coupled with an assertion that any denial would constitute "retaliation." Rhombus Power placed Mr. Woodall on paid administrative leave and, consistent with its reporting obligations under applicable security regulations, submitted a report to DCSA concerning conduct bearing on his handling of classified information. Mr. Woodall's employment ended on November 18, 2025 as the result of a reduction in force that eliminated the Warfighting Department.

Even assuming Mr. Woodall engaged in any protected activity—which Rhombus Power denies—Rhombus Power would have made the same employment decisions for legitimate, independent reasons. Mr. Woodall's claims are further subject to a valid and enforceable agreement to arbitrate, and Rhombus Power has moved to compel arbitration and to stay this action. Rhombus Power denies that Mr. Woodall is entitled to any relief.

**3. <u>Legal Issues</u>**

**Plaintiff's Position:**

- Whether Defendants illegally retaliated against Plaintiff;
- Whether Defendants terminated Plaintiff's employment in violation of public policy; and
- The amount of damages, including punitive damages, that should be assessed against Defendants.

King & Siegel LLP

**Defendant's Position:**

- Whether Plaintiff's claims are subject to binding arbitration under the arbitration agreement in his July 25, 2023 offer letter, and whether this action should be stayed or dismissed pending arbitration;
- Whether the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") exempts any of Plaintiff's claims from arbitration;
- Whether Plaintiff engaged in any activity protected under the Defense Contractor Whistleblower Protection Act ("DCWPA"), the Fair Employment and Housing Act ("FEHA"), or California Labor Code § 1102.5;
- Whether Plaintiff suffered any adverse employment action caused by any purported protected activity;
- Whether Rhombus Power had legitimate, non-retaliatory business reasons for its actions and would have made the same decisions regardless of any purported protected activity;
- Whether Plaintiff exhausted his administrative remedies;
- Whether Plaintiff's claim for failure to prevent retaliation fails in the absence of actionable retaliation;
- Whether Plaintiff's claim for wrongful termination in violation of public policy fails in the absence of any violation of a fundamental public policy;
- Whether Plaintiff's recovery, if any, is barred or reduced by his failure to mitigate, after-acquired evidence, offset, or release;
- Whether Plaintiff can establish entitlement to punitive damages, including under California Civil Code § 3294; and
- The applicability of the affirmative defenses asserted in Defendant's Answer.

**4. <u>Motions</u>**

Defendant's Motion to Compel Arbitration is pending with a hearing date of January 27. Defendant's Motion for Administrative Relief to Continue the Case Management Conference and Related Deadlines is also pending.

King & Siegel LLP

King & Siegel LLP

**5. Amendment of Pleadings**

The Parties do not currently anticipate amending the pleadings.

**6. Evidence Preservation**

The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties have taken steps to preserve physical and electronically stored evidence that is relevant to the issues in this case, including the implementation of litigation holds.

**7. Disclosures**

The Parties exchanged Initial Disclosures on October 14, 2026 under General Order 71 pursuant to the Court's July 20, 2026 Order Setting Initial Case Management Conference and ADR Deadlines [Dkt. No 6].

**8. Discovery**

**Plaintiff's Position:** Plaintiff intends to conduct written discovery, including requests for production of documents, interrogatories, requests for admission, and depositions of the Parties and percipient witnesses. The parties have not agreed on a discovery plan and have not entered into a stipulated e-discovery order. The Parties will enter into a stipulated protective order.

**Defendant's Position:** Defendant produced its initial disclosures pursuant to General Order No. 71 on October 14, 2026. Defendant's pending Motion for Administrative Relief maintains that case-management and merits discovery should be held in abeyance pending the Court's ruling on the Motion to Compel Arbitration, because the scope and sequence of discovery would be determined by the arbitrator if the Motion to Compel Arbitration is granted. Any discovery conducted in this forum is without prejudice to, and does not waive, Defendant's right to arbitrate Plaintiff's claims.

**9. Class Actions**

Not applicable.

**10. Related Cases**

The Parties are not aware of any related cases.

**11. Relief**

**Plaintiff's Position:** Plaintiff seeks back pay, front pay and general damages according to proof, including damages for emotional distress, as well as punitive damages, penalties, interest, reasonable attorney's fees and costs.

**Defendants' Position:** Rhombus Power denies that Plaintiff is entitled to any of the relief he seeks, or to any relief whatsoever. Rhombus Power seeks an order compelling arbitration of Plaintiff's claims and staying or dismissing this action; dismissal of the Complaint in its entirety, with prejudice; judgment in Rhombus Power's favor; its costs of suit and reasonable attorneys' fees to the extent recoverable; and such other and further relief as the Court deems just and proper.

**12. Settlement and ADR**

**Plaintiff's Position:** Plaintiff is amenable to mediation by a private mediator pursuant to ADR L.R. 8, after engaging in discovery.

**Defendant's Position:** If Defendant's Motion to Compel Arbitration is denied, then Defendant will consider mediation after engaging in discovery.

**13. Other References**

This case is not suitable for referral.

**14. Narrowing of Issues**

The Parties have not stipulated to the narrowing of any issues. Issues may be resolved by motion or by agreement after conducting discovery.

**15. Scheduling**

The Parties proposed timeline deviates slightly from the Court's proposed timeline due to the nature of the case. The Parties anticipate that there will be difficult discovery issues over whether discoverable information is classified and numerous depositions given the large number of witnesses in Plaintiff's initial disclosures. On

King & Siegel LLP

King & Siegel LLP

the other hand, the Parties do not anticipate the need for lengthy expert discovery. As a result the Parties propose moving two of the four months allocated to expert discovery in the Court's draft timeline to the fact discovery phase. This does not impact the total time through the close of all discovery. The Parties have also left slightly more time to complete discovery before the initial ADR deadline.

| CASE EVENT | FILING DATE/DISCLOSURE DEADLINE/HEARING DATE |
|---|---|
| Deadline for Leave to Amend | February 17, 2027 |
| Deadline to Complete Initial ADR Session | May 17, 2027 |
| Further Case Management Conference | August 2, 2027 |
| Fact Discovery Cut Off: | September 20, 2027 |
| Expert Disclosures Due: | September 1, 2027 |
| Rebuttal Expert Disclosure: | September 18, 2027 |
| Expert Discovery Cut Off: | November 19, 2027 |
| Close of Briefing on Summary Judgment and Daubert Motions | December 17, 2027 |
| Final Day to Hear Dispositive Motions: | January 14, 2028 |
| Pretrial Conference | April 14, 2028 |
| Trial | May 22, 2028 |

**16.Trial**

**Plaintiff's Position:** Plaintiff requests a trial by jury. The length of trial is not anticipated to exceed 14 days.

**Defendant's Position:** Defendant does not join in Plaintiff's jury demand and denies that Plaintiff is entitled to a jury trial on all claims, including any claims for equitable relief. Defendant contends that this matter should be resolved in arbitration rather than tried in this Court. If the matter is tried, Defendant agrees that the length of trial is not anticipated to exceed 14 days.

**17. Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Civil Local Rule 3-15, the undersigned certify that as of this date, other than the named parties, there are no such interested entities or persons to report.

**Professional Conduct**

All attorneys of records for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**18. Other**

Not applicable.

Dated: November 4, 2026

Respectfully submitted,

**KING & SIEGEL LLP**

By: */s/Robert J. King*
Robert J. King
Attorneys for Plaintiff
Douglas R. Woodall

Dated: November 4, 2026

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/Lindsay M. Vick*
Gaurav Bobby Kalra
Lindsay M. Vick
Attorneys for Defendant
Rhombus Power, Inc.

King & Siegel LLP

King & Siegel LLP

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated:

UNITED STATES DISTRICT JUDGE