Robert J. King (Bar No. 302545)
robert@kingsiegel.com
**KING & SIEGEL LLP**
601 University Ave., Suite 275
Sacramento, California 95825
tel: (213) 465-4802
fax: (213) 465-4803

Attorneys for Plaintiff
Douglas R. Woodall

King & Siegel LLP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**Douglas R. Woodall**, an individual,

Plaintiff,

v.

**Rhombus Power, Inc.,** a Delaware corporation; and Does 1-10, inclusive,

Defendant.

CASE NO.: 5:26-cv-07387-EKL

[Assigned to Hon. Eumi K. Lee]

**PLAINTIFF DOUGLAS R. WOODALL'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

Date: January 27, 2027
Time: 10:00 a.m.
Location: Courtroom 7 – 4th Floor

Action Filed: July 16, 2026
Trial Date: None Set

King & Siegel LLP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD,**

**PLEASE TAKE NOTICE THAT** Plaintiff Douglas R. Woodall ("Plaintiff") hereby submits this Supplemental Authority in support of Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Stay of Proceedings (the "Motion"):

1. *Holland-Thielen v. SpaceX*, No. 25-4811, 2026 WL 3403297 (9th Cir. Nov. 10, 2026), attached as **Exhibit A** to this Notice.

In *Holland-Theilen*, the Ninth Circuit rejected the view that a plaintiff must plead a "plausible" sexual harassment dispute to invoke the EFAA and held that "[r]ather, to decide if § 401(4)'s definition is satisfied, courts must determine whether the plaintiff's complaint describes conduct asserted to be a basis for a sexual harassment claim." *Id.* at *5. The Holland-Thielen Court further noted that the plaintiffs' case was covered by the EFAA where they alleged they were retaliated against for signing an open letter accusing Elon Musk of sexual harassment through his posts on the social media Platform X. *Id.* at *10-11. ("Because each Plaintiff here brings a claim challenging their terminations that were allegedly in response to their accusations about sexual harassment, each Plaintiff has met the "relates to" bar and has thus invoked the EFAA with respect to an "entire case."). This binding authority is dispositive of Defendant's Motion to Compel Arbitration.

Dated: November 12, 2026

Respectfully submitted,
**KING & SIEGEL LLP**

By: *Robert J. King*
Robert J. King
Attorneys for Plaintiff
Douglas R. Woodall